## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| EAM 40 MEADOW LANE LLC,[1] | ) | Case No. 22-10283 (BLS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| EZL 40 MEADOW LANE LLC,[2] | ) | Case No. 22-10294 (BLS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

Dated: April 18, 2022
      Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

/s/ Matthew P. Ward
Matthew P. Ward (DE Bar No. 4471)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: matthew.ward@wbd-us.com

*Counsel to the Debtors*

---

[1] The Debtor in this chapter 7 case, its jurisdiction of organization, and the last four digits of its U.S. taxpayer identification number is EAM 40 Meadow Lane LLC, a Delaware limited liability company (4553). The Debtor's principal place of business is located at 600 Madison Avenue, 15th Floor, New York, NY 10022.

[2] The Debtor in this chapter 7 case, its jurisdiction of organization, and the last four digits of its U.S. taxpayer identification number is EZL 40 Meadow Lane, LLC, a Delaware limited liability company (6074). The Debtor's principal place of business is located at 600 Madison Avenue, 15th Floor, New York, NY 10022.

**These Global Notes regarding the Debtors' Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "SOFA") comprise an integral part of the Schedules and SOFA and should be referred to and considered in connection with any review of the Schedules and SOFA.**

1.      The Schedules and SOFA filed herewith by EAM 40 Meadow Lane LLC, a Delaware limited liability company, and EZL 40 Meadow Lane LLC, a Delaware limited liability company (each a "Debtor," and together, the "Debtors") were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").   Except where otherwise noted (a) the information provided herein is as of the close of business on April 6, 2022, and (b) events occurring after April 6, 2022 are not represented in the Schedules and SOFA.

2.      While each Debtor has made every reasonable effort to ensure that the Schedules and SOFA are accurate and complete, based upon information that was available to them at the time of preparation, inadvertent errors, or omissions may exist and the subsequent receipt of information, or further review and analysis of such Debtor's books and records may result in changes to financial data and other information contained in the Schedules and SOFA. Moreover, because the Schedules and SOFA contain unaudited information, which is subject to further review and potential adjustment, there can be no assurance that the Schedules and SOFA are complete or accurate.

3.      In reviewing and signing the Schedules and SOFA, the duly authorized and designated representative of each of the Debtors (the "Authorized Officer") has necessarily relied upon the efforts, statements, and representations of other personnel and professionals of the Debtors.  The Authorized Officer has not (and could not have) personally verified the accuracy of each such statement and representation, including but not limited to, statements and representations concerning amounts owed to creditors and their addresses.

4.      The Debtors reserves their rights to amend their Schedules and SOFA as may be necessary or appropriate in the Debtors' sole and absolute discretion, including, but not limited to, the right to assert offsets or defenses to (which rights are expressly preserved), or to dispute, any claim reflected on the Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." These Global Notes will apply to all such amendments.  Furthermore, nothing contained in the Schedules shall constitute a waiver of the Debtors' rights with respect to these chapter 7 cases and specifically with respect to any issues involving substantive consolidation, equitable subordination, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers, or an admission relating to the same.

5.      Any failure to designate a claim listed on a Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated."  Additionally, the dollar amounts

of claims listed may be exclusive of contingent and additional unliquidated amounts.  Further, the claims of individual creditors for, among other things, goods, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to a Debtor or setoffs applied by such creditors against amounts due by such creditors to a Debtor with respect to other transactions between them.  The Debtors reserve all of their rights with respect to any such credits and allowances.

6. The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

7. Certain information, such as the contact information of creditors and counter-parties, may not be included where such information could not be obtained using the Debtors' reasonable efforts.

8. At times, the preparation of the Schedules and the SOFA required the Debtors to make estimates and assumptions that may affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities, or other items.  Actual results could differ from those estimates.  Pursuant to Bankruptcy Rule 1009, the Debtors may amend their Schedules as they deem necessary and appropriate to reflect material changes, if any, that arise during the pendency of their chapter 7 cases.  In addition, the Debtors reserve the right to dispute or to assert offsets or defenses to any claim listed on the Schedules.

9. Given the differences between the information requested in the Schedules and the financial information utilized under generally accepted accounting principles in the United States ("GAAP"), the aggregate asset values and claim amounts set forth in the Schedules may not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

10. The Debtors and their managing members, managers, attorneys, professionals, consultants, and agents (including, but not limited to, the Authorized Officer), do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.  The Debtors and their managing members, managers, attorneys, professionals, consultants, and agents (including, but not limited to, the Authorized Officer) expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized.  In no event shall the Debtors or their managing members, managers, attorneys, professionals, consultants, and agents (including, but not limited to, the Authorized Officer) be liable to any third party for any direct, indirect,

incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of any potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused arising from or related to any information provided herein or omitted herein.

11.    In the event that the Schedules and SOFA differ from the foregoing Global Notes, the Global Notes shall control.


***END OF GLOBAL NOTES***

WBD (US) 56125317v1

**Fill in this information to identify the case:**

Debtor name   **EAM 40 Meadow Lane LLC**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   **22-10293**

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C.    152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■   *Schedule E/F: Creditors Who Have   nsecured Claims* (Official Form 206E/F)

■   *Schedule   : E  ecutory Contracts and   ne pired Leases* (Official Form 206G)

■   *Schedule H: Codebtors* (Official Form 206H)

■   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule*

☐   *Chapter     or Chapter   Cases: List of Creditors Who Have the   Lar est   nsecured Claims and Are Not Insiders* (Official Form 204)

■   Other document that re uires a declaration   **Statement of Financial Affairs**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **April 18, 2022**                              /s/ Nir Meir
                                                               Signature of individual signing on behalf of debtor

                                                               **Nir Meir**
                                                               Printed name

                                                               **Manager of Managing Member EZL 40 Meadow Lane LLC**
                                                               Position or relationship to debtor

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com                                             Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name     **EAM 40 Meadow Lane LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **22-10293**

☐ Check if this is an
   amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                    **04/22**

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:**    **Income**

1.  **Gross revenue from business**

    ■ None.

    | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
    | --- | --- | --- |

2.  **Non-business revenue**
    Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ☐ None.

    | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
    | --- | --- | --- |
    | **For prior year:**<br>From  **1/01/2021** to **12/31/2021** | **Interest on $300,000 escrow deposit, if any** | **Unknown** |

**Part 2:**    **List Certain Transfers Made Before Filing for Bankruptcy**

3.  **Certain payments or transfers to creditors within 90 days before filing this case**
    List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ■ None.

    | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
    | --- | --- | --- | --- |

4.  **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
    List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

    ■ None.

    | Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
    | --- | --- | --- | --- |

5.  **Repossessions, foreclosures, and returns**
    List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at

| Debtor | **EAM 40 Meadow Lane LLC** | Case number *(if known)* | **22-10293** |
|--------|---------------------------|--------------------------|--------------|

a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|-----------------------------|--------------------------|------|-------------------|

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|-----------------------------|-----------------------------------------|-----------------------|--------|

## Part 3:    Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---------------------------|----------------|------------------------------------|----------------|
| 7.1. | **HFZ Capital Group LLC and Ziel Feldman v. Nir Meir, Ranee A. Bartolacci-Meir, Ermitage One, LLC, EZL 40 Meadow Land, LLC and EAM 40 Meadow Lane, LLC**<br>**Index No. 606037/2021** | **Civil** | **Supreme Court of the State of New York**<br>**400 Carleton Avenue**<br>**P.O. Box 9080**<br>**Central Islip, NY 11722-9080** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | **Ranee Bartolacci v. YH Lex Estates, LLC, EZL 40 Meadow Lane, LLC**<br>**1:21-cv-24423-MGC** | **Civil** | **USDC Southern District of Florida-Miami**<br>**400 North Miami Avenue, Room 8N09**<br>**Miami, FL 33128** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.3. | **YH Lex Estates, LLC v. Advantage Title Group Agency, LLC**<br>**Index No. 153169/2022** | **Civil** | **Supreme Court of the State of New York**<br>**60 Centre Street**<br>**New York, NY 10007** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.4. | **YH Lex Estates LLC v. Nir Meir, Ranee A. Bartolacci, and Ermitage One, LLC**<br>**No. 22-cv-2836** | **Civil** | **USDC for Southern District of New York**<br>**Daniel Patrick Moynihan U.S. Courthouse**<br>**500 Pearl Street**<br>**New York, NY 10007** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

| Debtor | **EAM 40 Meadow Lane LLC** | Case number *(if known)* | **22-10293** |
|---|---|---|---|

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.5. **Atlantic Specialty Insurance Company v. HFZ Group, LLC, Ziel Feldman, HFZ Residential Collection, LLC, CH HFZ BNYC, LLC, HFZ 344 West 72nd Street Owners, LLC, HFZ 90 Lexington Avenue Owner, LLC, HFZ 301 West 53rd Street Owner, LLC, HFZ 235 West 75th Street Owner, LLC, HFZ 88 Lexington Avenue Owner, LLC, HFZ KIK 30th Street Owner, LLC, EAM 40 Meadow Lane, LLC, 76 Eleventy Avenue Property Owner, LLC, and HFZ Bryant Park Owner, LLC**<br>**Index No. 650969/2021** | Civil | **Supreme Court of the State of New York**<br>**60 Centre Street**<br>**New York, NY 10007** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

**8.  Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:    Certain Gifts and Charitable Contributions**

**9.  List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:    Certain Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6:    Certain Payments or Transfers**

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com            Best Case Bankruptcy

Debtor    **EAM 40 Meadow Lane LLC**        Case number *(if known)*   **22-10293**

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1. **Womble Bond Dickinson (US) LLP** <br> **1313 N. Market Street** <br> **Suite 1200** <br> **Wilmington, DE 19801** | | **4/4/2021** | **$25,000.00** |
| **Email or website address** | | | |
| **Who made the payment, if not debtor?** <br> **Ranee A. Bartolacci** | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
    List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

    ☐ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1. **AmTrust Title Ins. Co.** <br> **59 Maiden Lane** <br> **43rd Floor** <br> **New York, NY 10038** | **Escrowed Funds** | **4/5/2021** | **$300,000.00** |
| **Relationship to debtor** | | | |
| 13.2. **Smithtown Partners LLC** <br> **40 Meadown Lane** <br> **Southampton, NY 11968** | **Mistaken allocation of broker commission** | **4/6/2021** | **$896,400.00** |
| **Relationship to debtor** | | | |
| 13.3. **Advantage Title Company** <br> **245 Park Avenue** <br> **New York, NY 10167** | **Seller's Title Invoice** | **4/5/2021** | **$1,356,240.62** |
| **Relationship to debtor** | | | |

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor   **EAM 40 Meadow Lane LLC**   Case number *(if known)*  **22-10293**

| | Who received transfer?<br>Address | Description of property transferred or<br>payments received or debts paid in exchange | Date transfer<br>was made | Total amount or<br>value |
|---|---|---|---|---|
| 13.4. | **MCAM 40 ML Lender, LLC<br>c/o Monroe Capital Advisors<br>LLC<br>311 South Wacker Dr.<br>64th Floor<br>Chicago, IL 60606** | **First Mortgage Payoff** | **4/5/2021** | **$22,796,869.28** |
| | Relationship to debtor | | | |
| 13.5. | **Harsh Padia<br>c/o Gary Rosen, Esq.<br>Rosen Law LLC<br>216 Lakeville Rd.<br>Great Neck, NY 11020** | **Second Mortgage Payoff** | **4/5/2021** | **$6,040,000.00** |
| | Relationship to debtor | | | |
| 13.6. | **Davidoff Hutcher & Citron<br>LLP<br>605 Third Avenue<br>New York, NY 10158** | **Legal Fee** | **4/5/2021** | **$500,000.00** |
| | Relationship to debtor | | | |
| 13.7. | **Ermitage One, LLC<br>1826 West 23rd Street<br>Miami Beach, FL 33140** | **Portion of Net Purchase Price** | **4/5/2021** | **$2,000,000.00** |
| | Relationship to debtor | | | |
| 13.8. | **Nir Meir<br>1826 West 23rd Street<br>Miami Beach, FL 33140** | **Portion of Net Purchase Price, plus<br>funiture, plus tax** | **4/5/2021** | **$2,000,000.00** |
| | Relationship to debtor | | | |
| 13.9. | **Ranee E. Bartolacci<br>1826 West 23rd Street<br>Miami Beach, FL 33140** | **Portion of Net Purchase Price** | **4/5/2021** | **$10,587,387.52** |
| | Relationship to debtor | | | |
| 13.10. | **Hedgerow Real Estate LLC<br>2495 Montauk Hwy<br>PO Box 2185<br>Bridgehampton, NY 11932** | **Brokers' Fee** | **4/5/2021** | **$896,400.00** |
| | Relationship to debtor | | | |

**Part 7:**   Previous Locations

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

Debtor    **EAM 40 Meadow Lane LLC**                                    Case number *(if known)*  **22-10293**

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy From-To |
|---|---|---|
| 14.1. | **40 Meadow Lane Southampton, NY 11968** | **12/30/2013 to 4/5/2021** |

**Part 8:    Health Care Bankruptcies**

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:    Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | **ConnectOne** | **XXXX-5808** | ■ Checking ☐ Savings ☐ Money Market ☐ Brokerage ☐ Other___ | | **Unknown** |

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

Debtor   **EAM 40 Meadow Lane LLC**                                                                      Case number *(if known)*   **22-10293**

---

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

**Part 11:**   **Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:**   **Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:**   **Details About the Debtor's Business or Connections to Any Business**

---

Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com

| Debtor | **EAM 40 Meadow Lane LLC** | | Case number *(if known)* | **22-10293** |
|---|---|---|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| | | |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

■ None

| Name and address | Date of service<br>From-To |
|---|---|
| | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. **Nir Meir**<br>**1826 West 23rd Street**<br>**Miami Beach, FL 33140** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|
| |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **EZL 40 Meadow Lane LLC** | **600 Madison Avenue**<br>**15th Floor**<br>**New York, NY 10022** | **Managing Member** | **95%** |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No
☐ Yes. Identify below.

Software Copyright (c) 1996-2022 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor | **EAM 40 Meadow Lane LLC** | Case number *(if known)* | **22-10293** |
| --- | --- | --- | --- |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
| --- | --- | --- | --- |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
■ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
| --- | --- |
| **To be provided.** | **EIN:** |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
| --- | --- |

## Part 14:    Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **April 18, 2022**

**/s/ Nir Meir**                                            **Nir Meir**
Signature of individual signing on behalf of the debtor    Printed name

Position or relationship to debtor    **Manager of Managing Member EZL 40 Meadow Lane LLC**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes