## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EAM 40 MEADOW LANE LLC,<br><br>           Debtor. | Case No. 22-10293 (BLS)<br><br>Chapter 7 |
| In re:<br><br>EZL 40 MEADOW LANE LLC,<br><br>           Debtor. | Case No. 22-10294 (BLS)<br><br>Chapter 7<br><br>**Hearing Date:**<br>**Expedited Hearing Requested** |

## MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND YH LEX ESTATES LLC PURSUANT TO FED. R. BANKR. P. 9019

George L. Miller, in his capacity as the Chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of EAM 40 Meadow Lane LLC ("EAM") and EZL 40 Meadow Lane LLC ("EZL" and together with EAM, the "Debtors"), hereby files this motion (the "Motion") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), seeking an order approving the stipulation by between the Trustee and YH Lex Estates LLC ("YH" and, together with the Trustee, the "Parties"), a copy of which is attached hereto, incorporated herein and marked as Exhibit "1" (the "Stipulation"), and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the provisions of the Stipulation.

Contemporaneously with the filing of this Motion, the Trustee has filed a motion requesting an expedited hearing on the Motion at this Court's earliest availability and shortened notice thereof.  In support of the Motion, the Trustee respectfully avers the following:

1

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (this "Bankruptcy Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

## BACKGROUND

4.      On November 3, 2020, YH commenced an action, captioned *YH Lex Estates LLC v. HFZ Capital Group LLC, Ziel Feldman and Nir Meir*, Index No. 655980/2020 (Sup. Ct. N.Y. Cty., filed Nov. 3, 2020), in which a nearly $20 million judgment was entered against Nir Meir ("Meir") on June 15, 2021.

5.      As of April 5, 2021, title to certain real property located at 40 Meadow Lane, Southhampton, New York (the "Property"), was held by EAM.

6.      On April 5, 2021, the Property was sold by EAM to an unrelated third-party for approximately $43 million.

7.      The proceeds resulting from the sale of the Property (the "Sale Proceeds") appear to have been distributed by the title company to certain parties and the Sale Proceeds do not appear to have been deposited with or remitted to EAM.

8.      On February 10, 2022, upon discovery of the distribution of Sale Proceeds to certain parties, including Ranee A. Bartolacci ("Bartolacci") and Ermitage One, LLC ("Ermitage"), YH commenced a special proceeding captioned *YH Lex Estates LLC v. Nir Meir,*

*Ranee A. Bartolacci and Ermitage One, LLC*, Index No. 151267/2022 (Sup. Ct. N.Y. Cty.), Justice Joel M. Cohen presiding (the "Proceeding"), in the Supreme Court of the State of New York, County of New York (the "NY Supreme Court"), seeking a judgment against Bartolacci and Ermitage for, among other amounts, the amounts of the Sale Proceeds they received from the sale of the Property (the "Litigation Claims").

9.      On April 6, 2022, (the "Petition Date"), each of the Debtors, non-parties to the Proceeding, commenced these bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Bankruptcy Court.

10.      On the Petition Date, the Office of the United States Trustee appointed the Trustee to serve as the duly authorized trustee for the Estates of the Debtors.

11.      On April 7, 2022, the Debtors, by and through Meir – not the Trustee – filed a Notice of Removal of the Proceeding (the "Initial Notice of Removal") to the United States District Court for the Southern District of New York (the "SDNY District Court").

12.      On April 7, 2022, the Debtors, by and through Meir, withdrew the Initial Notice of Removal filed in the Proceeding, and instead, Meir filed a Notice of Removal of the Proceeding to the SDNY District Court on his own behalf.

13.      On April 8, 2022, the Proceeding was transferred to the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court"), where it was docketed under Adversary Proceeding Number 22-01077 (the "Adversary Proceeding"), the Honorable James L. Garrity, Jr. presiding.

14.      On April 11, 2022, upon an Order to Show Cause entered by the New York Bankruptcy Court in the Adversary Proceeding [See Adv. Pro. ECF No. 10], YH filed the *Memorandum of Law in Support of YH Lex Estates LLC's Emergency Motion for an Order of*

*Remand* (the "Remand Motion") and the supporting *Declaration of Mark Hatch-Miller* [See Adv. Pro. ECF Nos. 8 & 9].

15.     On April 14, 2022, in accordance with the Order to Show Cause, Meir filed his Opposition to YH's Remand Motion [See Adv. Pro. ECF Nos. 20 & 21] and Bartolacci and Ermitage jointly filed their Opposition to YH's Remand Motion [See Adv. Pro. ECF Nos. 23 & 24].

16.     On April 18, 2022, in accordance with the Order to Show Cause, YH filed *YH Lex Estates, LLC's Reply to Defendants' Oppositions to Plaintiff's Motion to Remand Removed Proceeding to Supreme Court, New York County* [See Adv. Pro. ECF No. 28] (the "Reply").

17.     On April 18, 2022, Meir caused each of the Debtors to file their respective *Schedules of Assets and Liabilities* ("Schedules") and *Statement of Financial Affairs* in their respective Bankruptcy Cases.

18.     On April 19, 2022, Meir filed the *Sur-Reply of Nir Meir in Further Opposition to Plaintiff's Motion to Remand Removed Proceeding to Supreme Court, New York County* [See Adv. Pro. ECF No. 30] (the "Sur-Reply").

19.     On April 20, 2022, the Debtors, by and through Meir, filed amended creditor matrices (the "Amended Creditor Matrices") in the Bankruptcy Cases to add additional creditors and/or notice parties.

20.     On April 25, 2022, the New York Bankruptcy Court entered an order granting the Remand Motion and remanding the Proceeding to the NY Supreme Court.

21.     In the context of the Remand Motion, the Trustee and YH, by and through their respective counsel, have discussed the Bankruptcy Cases and the Proceeding, and the ownership

interest of the Litigation Claims and the Sale Proceeds, including whether the Litigation Claims constitute property of either of the Debtors' Estates.

22.      In the context of the Remand Motion, the Trustee and YH, by and through their respective counsel, have also discussed YH's allegations of Bartolacci's and Ermitage's disregard for and procedural defaults on discovery deadlines set by the NY Supreme Court, including document production and deposition deadlines, which, according to YH, have not been extended or continued.

23.      Following arm's length negotiations, the Parties have agreed through the Stipulation to resolve their issues regarding the Proceeding, the Litigation Claims and the Sale Proceeds and have agreed that liquidating the Litigation Claims and recovery of the Sale Proceeds as expeditiously as possible is in the best interests of all Parties, particularly considering the possible rapid dissipation of liquid assets, such as the Sale Proceeds, the advanced procedural posture of the Proceeding in the NY Supreme Court (with a trial scheduled to begin, in the event NY Supreme Court finds upon remand there are any genuine factual disputes precluding summary judgment against Bartolacci and Ermitage, on May 2, 2022), and the NY Supreme Court's prior determination that Meir is estopped from denying his previously admitted 100% ownership of EZL, and therefore, EAM.

24.      The Stipulation provides, *inter alia*, that any recovery by YH from Bartolacci or Ermitage resulting from the Proceeding, including from the enforcement of any judgment entered in the Proceeding against Bartolacci and/or Ermitage is property of the Estate of EAM and will be held by the Trustee in the Trustee's escrow account for the Estate of EAM and distributed in accordance with the priority distribution set forth in section 726 of the Bankruptcy Code.

## RELIEF REQUESTED

25.    By this Motion, the Trustee respectfully seeks an order of this Bankruptcy Court approving the attached Stipulation (Exhibit "1"), authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the terms and provisions of the Stipulation, and providing that the Bankruptcy Court shall retain jurisdiction to enforce the Stipulation.

## THE STIPULATION

26.    The complete terms and conditions of the Parties' settlement are more fully set forth in the Stipulation (Exhibit "1") and should be referred to in their entirety.    Salient provisions of the Stipulation include, *inter alia*, the following[1]:

    a.  **Bankruptcy Court Approval**.  The Stipulation is subject to the approval of this Bankruptcy Court.  Stipulation, ¶ 2.

    b.  **Trustee's Consent to Remand**.  The Trustee consented to entry of an order by the New York Bankruptcy Court, in substantially the form annexed to the Stipulation as **Exhibit A**, remanding the Proceeding to the NY Supreme Court so that YH and the Trustee can proceed to seek summary disposition on the merits, or if necessary proceed to trial on May 2, 2022, in the Proceeding.  YH and the Trustee shall be permitted to pursue the Proceeding without any delay, and without awaiting the approval of this Stipulation by this Bankruptcy Court.  Stipulation, ¶ 3.

    c.  **Trustee's Reservation of Rights.**  Notwithstanding the agreement set forth in the Stipulation, the Trustee reserves his rights to intervene as a party plaintiff in the Proceeding.  If the Stipulation is not approved by this Bankruptcy Court as set forth in Paragraph 2 of the Stipulation, then in such event the Proceeding shall be stayed pursuant to 11 U.S.C. § 362.  The Trustee may execute his rights to intervene as a party plaintiff in the Proceeding, which are expressly reserved in the Stipulation, and in such event YH consents to the Trustee's intervention in the Proceeding.  Any compromise or settlement of the Proceeding, or, judgment entered in the Proceeding is subject to approval of the Trustee and this Bankruptcy Court.  Stipulation, ¶ 4.

    d.  **Recovery to be Held in Escrow**.  Any recovery by YH from Bartolacci or Ermitage resulting from the Proceeding, including from the enforcement of any judgment

---

[1] The terms of the Stipulation control to the extent that any conflict with this summary.

entered in the Proceeding against Bartolacci and/or Ermitage is property of the Estate of EAM and will be held by the Trustee in the Trustee's escrow account for the Estate of EAM and distributed in accordance with the priority distribution set forth in section 726 of the Bankruptcy Code.  Stipulation, ¶ 5.

e.  **Substantial Contribution Claim.**  To the extent that YH recovers monies from Bartolacci or Ermitage, then the Trustee consents to YH being granted a claim pursuant to 11 U.S.C. § 503(b), for substantial contribution against the Debtors' Estates for recovery of such monies for the benefit of the Debtors' Estates and their creditors, subject to an application by YH upon approval by order of this Bankruptcy Court.  The Trustee reserves the right to review and object to the section 503(b) claim of YH for reasonableness of amount.  Distribution to YH on an allowed claim for substantial contribution under section 503(b) shall have priority in distribution ahead of allowed claims of general unsecured creditors.  Stipulation, ¶ 6.

f.  **Claims Asserted Against Debtors.**  YH will assist the Trustee in reviewing the claims that may be asserted against the Debtors in the Bankruptcy Cases by providing background knowledge and information regarding each claim asserted.  The Trustee consents to YH's standing as a creditor to prosecute claim objections to the extent the Trustee declines to prosecute any objection to a claim directly and shall support YH's standing to contest any such claim if opposed by another creditor or party in interest, including the claimant facing the claim objection.  Stipulation, ¶ 7.

g.  **Charging Order.**  Provided that any recoveries from the Proceeding, or on account of enforcement of a judgment emanating from the Proceeding against Bartolacci and/or Ermitage, have been turned over to the Trustee as property of EAM's Estate, then once the Trustee has completed the distributions of those funds to EAM's creditors on account of claims asserted against EAM's Estate which have been authorized or allowed in accordance with the Bankruptcy Code, (the "Allowed Claims"), then the Trustee shall make the distribution directly to YH as a party in interest, recognizing YH as the sole economic interest holder of the EZL's interest in EAM pursuant to and to the extent of the Meir Judgment and a Charging Order to which the Trustee consents herein.  Stipulation, ¶ 8.

h.  **Binding Effect.**  Upon approval of the Stipulation by this Bankruptcy Court, the Stipulation will be binding upon the Trustee, YH, and their successors and assigns. The provisions of the Stipulation, and any and all rights, remedies, privileges, and benefits provided or acknowledged in this Stipulation, and any actions taken pursuant thereto, shall be effective immediately upon the entry of an order by this Bankruptcy Court approving the Stipulation (and any stay of the Proceeding is hereby dispensed with).  Upon entry of an order of this Bankruptcy Court dismissing the Debtors' Bankruptcy Cases, or upon the abandonment from the Estates of the Trustee or the Debtors' interest in the Property, the Sale Proceeds thereof, or the proceeds of any Litigation Claims, then YH's right to pursue any claims set forth in the Proceeding or the enforcement of any judgment obtained against Bartolacci and/or Ermitage obtained in the Proceeding without involvement of the Trustee, shall be immediately restored provided however that any recoveries by YH shall remain subject to payment

of administrative expenses of the Estates incurred prior to the aforesaid dismissal, or, abandonment.  Stipulation, ¶ 13.

## BASIS FOR RELIEF REQUESTED

27.     This Bankruptcy Court has the authority to grant the relief requested in this Motion pursuant to section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.  Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  Rule 9019 of the Bankruptcy Rules grants the Bankruptcy Court authority to approve settlements of claims and controversies after notice and a hearing.[2]  Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'"  *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (*quoting* 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)).  In addition, this District has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court.  *See In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)

28.     Before approving a settlement under Rule 9019(a) of the Bankruptcy Rules, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate."  *In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (*quoting Louise's*, 211 B.R. at 801).  To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement.  *Martin*, 91 F.3d at 393.  In striking this balance, the court should consider the following factors:

a.     The probability of success in the litigation;

---

[2] Rule 9019(a) of the Bankruptcy Rules provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

      b.      The complexity, expense and likely duration of the litigation;

      c.      The possibilities of collecting on any judgment which might be obtained;

      d.      All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

      e.      Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

*Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968). *See also Martin*, 91 F.3d at 393. Fundamental to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425. The *TMT* rule does not require the Bankruptcy Court to hold a full evidentiary hearing before a compromise can be approved, but rather the Bankruptcy Court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" Collier on Bankruptcy at ¶ 9019.2, 9019-4, *quoting In re Drexel Lambert Grp., Inc.*, 134 B.R. 493 (Bankr. S.D.N.Y. 1991). *See Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822 (1983).

      29.      The Stipulation and the proposed settlement and compromise embodied therein meet the above criteria. As noted above, the Stipulation resolves potential disputes between the Trustee and YH regarding the Proceeding, the Litigation Claims and the Sale Proceeds, and facilitates liquidation of the Litigation Claims and recovery of the Sale Proceeds as expeditiously as possible which, particularly considering the possible rapid dissipation of liquid assets, such as the Sale Proceeds, is in the best interest of the Estates and creditors. Critically, any recovery by YH from Bartolacci or Ermitage resulting from the Proceeding, including from the enforcement

of any judgment entered in the Proceeding against Bartolacci and/or Ermitage is recognized in the Stipulation to be property of the Estate of EAM and will be held by the Trustee in the Trustee's escrow account for the Estate of EAM and distributed in accordance with the priority distribution set forth in section 726 of the Bankruptcy Code.

30.     The Trustee submits that in light of these substantial benefits to the Estates under the Stipulation, it is reasonable and appropriate for the Trustee to (x) consent in the Stipulation to remand of the Proceeding to the NY Supreme Court, the granting to YH of a substantial contribution claim pursuant to section 503(b) (and pursuant to the conditions set forth in paragraph 6 of the Stipulation), and YH's standing as a creditor to prosecute claim objections to the extent the Trustee declines to prosecute any objection to a claim asserted against the Debtors in the Bankruptcy Cases, and (y) agree that, provided that any recoveries from the Proceeding, or on account of enforcement of a judgment emanating from the Proceeding against Bartolacci and/or Ermitage, have been turned over to the Trustee as property of EAM's Estate, then once the Trustee has completed the distributions of those funds to EAM's creditors on account of Allowed Claims, the Trustee shall make a distribution directly to YH as a party in interest, recognizing YH as the sole economic interest holder of EZL's interest in EAM pursuant to and to the extent of the Meir Judgment and a Charging Order to which the Trustee consents.

31.     Accordingly, the Trustee, based upon the exercise of his business judgment, respectfully submits that the Stipulation is a fair and equitable settlement which meets or exceeds the required range of reasonableness and should be approved by this Bankruptcy Court as being in the best interests of the Estates and the Debtors' creditors.

32.     As set forth above, the Stipulation provides that any stay of the Proceeding shall not apply, and the Stipulation shall become immediately effective upon the entry of an order of

this Bankruptcy Court approving the Stipulation.  The Trustee respectfully submits that relief from the automatic stay *nunc pro tunc* to the Petition Date, and waiver of the 14-day stay under Bankruptcy Rule 4001(a)(3), to the extent such stays are applicable, are necessary and appropriate to permit the Parties to carry out the terms of the Stipulation in an expeditious manner.

## NOTICE

This Motion is being served via overnight delivery and/or e-mail on: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the defendants in the Proceeding; (iii) creditors as listed on the Amended Creditors Matrices; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002 as of the date hereof (the "Notice Parties"). In light of the nature of the relief requested herein, the Trustee respectfully requests a determination by the Bankruptcy Court that such notice as described in this paragraph (the "Notice") is adequate and that no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an order in the form attached hereto approving the Stipulation (Exhibit "1"), authorizing the Trustee to take any and all actions necessary or appropriate to implement the terms and provisions of the Stipulation, approving the Notice as provided herein and providing that the Bankruptcy Court retains jurisdiction to enforce the Stipulation.

Dated: April 25, 2022
   Wilmington, Delaware     COZEN O'CONNOR

               */s/ John T. Carroll, III*

        By:  _____
               John T. Carroll, III (DE No. 4060)
               1201 North Market Street
               Suite 1001
               Wilmington, DE  19801
               Telephone:  (302) 295-2028
               Facsimile:  (302) 295-2013
               jcarroll@cozen.com

               and

               Eric L. Scherling, Esq.
               (Admitted in PA, NJ, NY)
               (Not admitted in DE)
               One Liberty Place
               1650 Market Street
               Suite 2800
               Philadelphia, PA 19103
               Telephone:  (215) 665-2042
               Facsimile:  (215) 701-2081
               escherling@cozen.com

               *Proposed Counsel for George L. Miller,*
               *Chapter 7 Trustee*