## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EAM 40 MEADOW LANE LLC,<br><br>             Debtor. | Case No. 22-10293 (BLS)<br><br>Chapter 7 |
| In re:<br><br>EZL 40 MEADOW LANE LLC,<br><br>             Debtor. | Case No. 22-10294 (BLS)<br><br>Chapter 7 |

### MOTION TO SHORTEN NOTICE PERIOD AND TO SCHEDULE AN EXPEDITED HEARING WITH RESPECT TO CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND YH LEX ESTATES LLC PURSUANT TO FED. R. BANKR. P. 9019

George L. Miller, in his capacity as the Chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of EAM 40 Meadow Lane LLC ("EAM") and EZL 40 Meadow Lane LLC ("EZL" and together with EAM, the "Debtors"), respectfully files this motion (this "Motion to Shorten") for entry of an order shortening the notice period and scheduling an expedited hearing with respect to the Trustee's motion (the "9019 Motion")[1], which is being filed contemporaneously herewith, for an order approving the Stipulation (the "Stipulation")[2] by and between the Trustee and YH Lex Estates LLC ("YH").  In support of this Motion to Shorten, the Trustee respectfully states as follows:

### BACKGROUND

1.    On April 6, 2022, (the "Petition Date"), each of the Debtors, non-parties to the Proceeding, commenced these bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Bankruptcy Court.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the 9019 Motion.
[2] The Stipulation is attached as Exhibit "1" to the 9019 Motion.

LEGAL\57639686\2 8888888/00802781
04/25/2022

2.      On the Petition Date, the Office of the United States Trustee appointed the Trustee to serve as the duly authorized trustee for the Estates of the Debtors.

3.      On November 3, 2020, YH commenced an action, captioned *YH Lex Estates LLC v. HFZ Capital Group LLC, Ziel Feldman and Nir Meir*, Index No. 655980/2020 (Sup. Ct. N.Y. Cty., filed Nov. 3, 2020), in which a nearly $20 million judgment was entered against Nir Meir ("Meir") on June 15, 2021.

4.      As of April 5, 2021, title to certain real property located at 40 Meadow Lane, Southhampton, New York (the "Property"), was held by EAM.

5.      On April 5, 2021, the Property was sold by EAM to an unrelated third-party for approximately $43 million.

6.      The proceeds resulting from the sale of the Property (the "Sale Proceeds") appear to have been distributed by the title company to certain parties and the Sale Proceeds do not appear to have been deposited with or remitted to EAM.

7.      On February 10, 2022, upon discovery of the distribution of Sale Proceeds to certain parties, including Ranee A. Bartolacci ("Bartolacci") and Ermitage One, LLC ("Ermitage"), YH commenced a special proceeding captioned *YH Lex Estates LLC v. Nir Meir, Ranee A. Bartolacci and Ermitage One, LLC*, Index No. 151267/2022 (Sup. Ct. N.Y. Cty.), Justice Joel M. Cohen presiding (the "Proceeding"), in the Supreme Court of the State of New York, County of New York (the "NY Supreme Court"), seeking a judgment against Bartolacci and Ermitage for, among other amounts, the amounts of the Sale Proceeds they received from the sale of the Property (the "Litigation Claims").

LEGAL\57639686\2 8888888/00802781
04/25/2022

8.       On April 7, 2022, the Debtors, by and through Meir – not the Trustee – filed a Notice of Removal of the Proceeding to the United States District Court for the Southern District of New York (the "SDNY District Court").

9.       On April 7, 2022, the Debtors, by and through Meir, withdrew the Notice of Removal filed in the Proceeding, and instead, Meir filed a Notice of Removal of the Proceeding to the SDNY District Court on his own behalf.

10.       On April 8, 2022, the Proceeding was transferred to the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court"), where it is currently pending under Adversary Proceeding Number 22-01077 (the "Adversary Proceeding"), the Honorable James L. Garrity, Jr. presiding.

11.       On April 11, 2022, upon an Order to Show Cause entered by the New York Bankruptcy Court in the Adversary Proceeding [See Adv. Pro. ECF No. 10], YH filed the *Memorandum of Law in Support of YH Lex Estates LLC's Emergency Motion for an Order of Remand* (the "Remand Motion") and the supporting *Declaration of Mark Hatch-Miller* [See Adv. Pro. ECF Nos. 8 & 9].

12.       On April 14, 2022, in accordance with the Order to Show Cause, Meir filed his Opposition to YH's Remand Motion [See Adv. Pro. ECF Nos. 20 & 21] and Bartolacci and Ermitage jointly filed their Opposition to YH's Remand Motion [See Adv. Pro. ECF Nos. 23 & 24].

13.       On April 18, 2022, in accordance with the Order to Show Cause, YH filed *YH Lex Estates, LLC's Reply to Defendants' Oppositions to Plaintiff's Motion to Remand Removed Proceeding to Supreme Court, New York County* [See Adv. Pro. ECF No. 28] (the "Reply").

14.     On April 18, 2022, Meir caused each of the Debtors to file their respective *Schedules of Assets and Liabilities* ("Schedules") and *Statement of Financial Affairs* in their respective Bankruptcy Cases.

15.     On April 19, 2022, Meir filed the *Sur-Reply of Nir Meir in Further Opposition to Plaintiff's Motion to Remand Removed Proceeding to Supreme Court, New York County* [See Adv. Pro. ECF No. 30] (the "Sur-Reply").

16.     On April 20, 2022, the Debtors, by and through Meir, filed amended creditor matrices (the "Amended Creditor Matrices") in the Bankruptcy Cases to add additional creditors and/or notice parties.

17.     On April 25, 2022, the New York Bankruptcy Court entered an order granting the Remand Motion and remanding the Proceeding to the NY Supreme Court.

18.     In the context of the Remand Motion, the Trustee and YH, by and through their respective counsel, have discussed the Bankruptcy Cases and the Proceeding, and the ownership interest of the Litigation Claims and the Sale Proceeds, including whether the Litigation Claims constitute property of either of the Debtors' Estates.

19.     In the context of the Remand Motion, the Trustee and YH, by and through their respective counsel, have also discussed YH's allegations of Bartolacci's and Ermitage's disregard for and procedural defaults on discovery deadlines set by the NY Supreme Court, including document production and deposition deadlines, which, according to YH, have not been extended or continued.

20.     Following arm's length negotiations, the Trustee and YH agreed through the Stipulation to resolve their the issues regarding the Proceeding, the Litigation Claims and the Sale Proceeds and have agreed that liquidating the Litigation Claims and recovery of the Sale

4

Proceeds as expeditiously as possible is in the best interests of all Parties, particularly considering the possible rapid dissipation of liquid assets, such as the Sale Proceeds, the advanced procedural posture of the Proceeding in the NY Supreme Court (with a trial scheduled to begin, in the event NY Supreme Court finds upon remand there are any genuine factual disputes precluding summary judgment against Bartolacci and Ermitage, on May 2, 2022), and the NY Supreme Court's prior determination that Meir is estopped from denying his previously admitted 100% ownership of EZL, and therefore, EAM.

21. The Stipulation provides, *inter alia*, that any recovery by YH from Bartolacci or Ermitage resulting from the Proceeding, including from the enforcement of any judgment entered in the Proceeding against Bartolacci and/or Ermitage is property of the Estate of EAM and will be held by the Trustee in the Trustee's escrow account for the Estate of EAM and distributed in accordance with the priority distribution set forth in section 726 of the Bankruptcy Code.

## RELIEF REQUESTED AND BASIS FOR RELIEF

22. By this Motion to Shorten, the Trustee respectfully requests the entry of an order shortening the notice period and scheduling an expedited hearing for consideration of the 9019 Motion before May 2, 2022 or at the Bankruptcy Court's earliest convenience and establishing a corresponding shortened deadline for objections, if any, to the 9019 Motion.

23. Local Rule 9006-1(c) provides, "[u]nless the Fed. R. Bankr. P. or these Local Rules state otherwise, all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). Pursuant to Bankruptcy Rule 9006(c)(1), the Bankruptcy Court may, for cause

shown, shorten the otherwise applicable notice period ("when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced").  This authorization is also expressed in Local Rule 9006-1(e), which provides that the Bankruptcy Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

24.    As noted above, trial in the Proceeding is scheduled to begin, in the event the NY Supreme Court finds upon remand there are any genuine factual disputes precluding summary judgment against Bartolacci and Ermitage, on May 2, 2022.   The Stipulation provides, however, that if the Stipulation is not approved by this Bankruptcy Court as set forth in Paragraph 2 of the Stipulation, then in such event the Proceeding shall be stayed pursuant to 11 U.S.C. § 362.   It is in the best interests of YH, the Trustee, and the Estates to obtain the approval of the Stipulation in advance of May 2, 2022, so as to avoid uncertainty about the status of the Proceeding and the ability to pursue the Proceeding as contemplated by the Stipulation.

## NOTICE

25.    This Motion to Shorten and the 9019 Motion are being served via overnight delivery and/or e-mail on: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the defendants in the Proceeding; (iii) creditors as listed on the Amended Creditors Matrices; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002 as of the date hereof (the "Notice Parties").  In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

LEGAL\57639686\2 8888888/00802781
04/25/2022

26.     If the Bankruptcy Court grants this Motion to Shorten, a copy of the entered order approving this Motion to Shorten shall be served on the Notice Parties.

WHEREFORE, the Trustee respectfully requests that this Bankruptcy Court enter an order, in substantially the form attached hereto, (i) scheduling a hearing to consider the 9019 Motion, (ii) setting a deadline for objections to the 9019 Motion, and (iii) granting such other and further relief as the Bankruptcy Court deems just and proper.

Dated: April 25, 2022
      Wilmington, Delaware

COZEN O'CONNOR

*/s/ John T. Carroll, III*

By: _____

John T. Carroll, III (DE No. 4060)
1201 North Market Street
Suite 1001
Wilmington, DE  19801
Telephone:  (302) 295-2028
Facsimile:  (302) 295-2013
jcarroll@cozen.com

and

Eric L. Scherling, Esq. (*not admitted in DE*)
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Telephone:  (215) 665-2042
Facsimile:  (215) 701-2081
escherling@cozen.com

*Proposed Counsel for George L. Miller,*
*Chapter 7 Trustee*