womblebonddickinson.com



April 26, 2022

The Honorable Brendan L. Shannon
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

Re:   EAM 40 Meadow Lane LLC, Case No. 22-10293 (BLS) ("EAM") and
      EZL 40 Meadow Lane LLC, Case No. 22-10294 (BLS) ("EZL" and
      together with EAM, the "Debtors")

Womble Bond Dickinson (US) LLP

1313 North Market Street
Suite 1200
Wilmington, DE 19801

t:  302.252.4320
f:  302.252.4330

Matthew Ward
Partner
Direct Dial: 302-252-4338
Direct Fax: 302-661-7711
E-mail: Matthew.Ward@wbd-us.com

Dear Judge Shannon:

I write as Delaware bankruptcy counsel for the above-referenced Debtors regarding the *Motion to Shorten Notice Period and to Schedule an Expedited Hearing with Respect to Chapter 7 Trustee's Motion for an Order Approving Stipulation Between Chapter 7 Trustee and YH Lex Estates LLC Pursuant to Fed. R. Bankr. P. 9019* [D.I. 22 in Case No. 22-10293 (BLS)] (the "Motion to Shorten"), filed late yesterday afternoon.[1]

The Debtors filed these chapter 7 cases on April 6, 2022, twenty (20) days ago. George L. Miller is currently serving in the capacity of interim chapter 7 Trustee (the "Trustee"). The Debtors' Meeting of Creditors has not yet occurred; it is currently scheduled for April 28, 2022. The Trustee has asked Your Honor to schedule a hearing this week, for purposes of considering a proposed stipulation (the "Stipulation") between the Trustee and YH Lex Estates LLC ("YH") that determines the outcome of these cases, and is highly prejudicial to the Debtors and the Debtors' members. YH holds a judgment against Nir Meir, one of the Debtors' members; YH does not hold a judgment against the Debtors.

At issue is a 2021 real estate closing where proceeds from the sale of real property owned by EAM were disbursed. A dispute has arisen over the entitlement to the proceeds. For the purpose of facilitating collection of its judgment against its judgment debtor, Nir Meir, YH has contended that Nir Meir owns EZL (the holding company owning 95% of EAM). EZL and others, however, contend that Ranee Bartolacci (Mr. Meir's wife) owns 95% of EZL, with the remaining 5% being held by Mr. Meir. This dispute is the subject of two separate suits. Ms. Bartolacci sued YH in a case pending in the United States District Court for the Southern District of Florida to obtain a declaration of the ownership interests in EZL (the "Florida Litigation"). YH sued Mr. Meir, Ms. Bartolacci and an entity owned by Ms. Bartolacci in New York, seeking recovery of transfers

---

[1] The Trustee contemporaneously filed the *Motion of Chapter 7 Trustee for an Order Approving Stipulation Between Chapter 7 Trustee and YH Lex Estates LLC Pursuant to Fed. R. Bankr. P. 9019* [D.I. 21 in Case No. 22-10293 (BLS) (the "Motion to Approve").

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.



April 26, 2022
Page 2

made at closing as allegedly fraudulent conveyances (the "<u>New York Litigation</u>"). [2]  The New York Litigation involves core bankruptcy issues under this Court's original and exclusive jurisdiction.

Following the filing of these bankruptcy cases, the Debtors through undersigned counsel provided information to the Trustee and his counsel about the Florida Litigation and the New York Litigation.  Undersigned counsel notified the Trustee that Mr. Meir was removing the New York Litigation to the United States District Court for the Southern District of New York and asked the Trustee to weigh in on moving to transfer venue of the New York Litigation to Delaware.  Undersigned counsel further provided the Trustee with the Debtors' formation documents and information about the transfers and the closing.  The Debtors filed their bankruptcy schedules and statements of financial affairs and answered the Trustee's questions about EAM's creditors.

Rather than consider the situation impartially, the Trustee rushed to judgment and sided with YH.  If the Stipulation is approved, whatever YH succeeds in recovering as fraudulent transfers would be turned over to the Trustee.  After the Trustee has paid EAM's creditors, YH – not the Debtors – would receive the surplus.[3]  This agreed charging order is contrary to the plain language of 11 U.S.C. § 726(a)(6), which requires any surplus to be returned to the Debtors.  In the course of making his decision, the Trustee did not, even once, speak with Mr. Meir and, as mentioned above, the Meeting of Creditors has not yet occurred.  Further evidencing a disregard of the interests of EZL and its members, the Trustee improperly sought approval of the Stipulation only in the EAM case.  Unfathomably, the Trustee consented to remand of the New York Litigation without the interests of the Debtors being properly represented.

The Trustee signed the Stipulation on April 21, 2022, and then waited four days before filing the Motion to Approve with this Court, calling into question the need for expedited treatment.  The Trustee alleges that expedited treatment is warranted because of the New York Litigation's scheduled May 2, 2022 trial before the New York Supreme Court.  Respectfully, expedited treatment is not warranted.  If this Court declines to approve the Stipulation, the New York Litigation will simply be stayed, as occurs in every bankruptcy case preceded by non-bankruptcy litigation.

The proposed Stipulation would precipitously and improvidently determine the outcome of the Debtors' bankruptcy proceedings less than a month after the petition date.  It is not proper for a trustee to determine the outcome of a case by fiat.  The proposed Stipulation would deprive interested parties of due process and a full and fair opportunity to be heard.  The de facto assignment of EZL's interests to YH constitutes a taking of a property interest without due process and without the commencement of an adversary proceeding as required by Fed. R. Bankr. P. 7001.

---

[2] Because the New York Litigation was pending as of the petition date, YH was included in the Debtors' bankruptcy schedules for notice purposes.

[3] There can be no reasonable dispute that YH believes there will be a surplus.  As provided in the Stipulation, YH undertakes the risk of litigation and recovers only if there is a surplus.



April 26, 2022
Page 3

      The Debtors respectfully request that the Court deny the Motion to Shorten. The issues in dispute should be decided judicially in due course, with all parties present, and after the presentation and evaluation of evidence, briefs, and arguments of counsel.

      Best regards,
**Womble Bond Dickinson (US) LLP**

*Matthew Ward*
Matthew Ward
Partner

cc:    George L. Miller (by electronic mail)
       John Carroll, Esq. (by electronic mail)
       Jonathan Pasternak, Esq. (by electronic mail)

WBD (US) 56308642v5