**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>EAM 40 MEADOW LANE LLC,<br><br>Debtor. | Case No. 22-10293 (BLS)<br><br>Chapter 7 |
| In re:<br><br>EZL 40 MEADOW LANE LLC,<br><br>Debtor. | Case No. 22-10294 (BLS)<br><br>Chapter 7 |

**DECLARATION OF JOHN T. CARROLL, III**
**IN SUPPORT OF APPLICATION OF CHAPTER 7 TRUSTEE, GEORGE L. MILLER**
**TO EMPLOY COZEN O'CONNOR AS COUNSEL TO THE TRUSTEE**
**<u>NUNC PRO TUNC AND RULE 2016(b) STATEMENT</u>**

John T. Carroll, III, hereby declares as follows:

### Introduction

1. I am a Shareholder of the firm of Cozen O'Connor ("<u>Cozen O'Connor</u>")[1], which maintains an office for the practice of law at 1201 North Market Street, Suite 1001, Wilmington, Delaware 19801 and its principal office at One Liberty Place, 1650 Market Street, Suite 2800, Philadelphia, PA 19103. Cozen O'Connor is an international law firm, whose attorneys are recognized for their expertise and experience in insurance, corporate, real estates, securities, intellectual property, bankruptcy, tax and complex litigation.

2. I am an attorney admitted, practicing and in good standing in the State of Delaware, the State of New Jersey and the Commonwealth of Pennsylvania. I am admitted to practice before the United States District Court for the District of Delaware, the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the Middle District of

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Application.

Pennsylvania, the United States District Court for the District of New Jersey and the United States Supreme Court.

3. I submit this Declaration in support of the application of the Chapter 7 Trustee, George L. Miller (the "Trustee") for an Order authorizing the retention of Cozen O'Connor ("Cozen O'Connor") as counsel to Trustee for the above captioned estates (the "Debtors" or "Estates"), (the "Bankruptcy Cases"), in compliance with §§ 327(a), 328, 329 and 504 of Title 11 of the United States Code (the "Bankruptcy Code") and to provide the disclosures required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Declaration.

5. The Trustee requested Cozen O'Connor to become his counsel in the Bankruptcy Cases including assuming responsibility for legal services and the preparation and filing of all future pleadings and documents related to the Bankruptcy Cases. Cozen O'Connor has extensive expertise and knowledge in the field of debtors' and creditors' rights and business reorganization under the Bankruptcy Code. In preparing to represent the Trustee in the Bankruptcy Cases, Cozen O'Connor has become familiar with the business and financial affairs of the Debtors and many of the potential legal issues that have arisen or may arise in the context of the Bankruptcy Cases. Cozen O'Connor is both well qualified and able to represent the Trustee in these Bankruptcy Cases in an efficient and timely manner.

6. Except as set forth in this Declaration, I have not, nor has any member, associate or counsel of Cozen O'Connor, insofar as I have been able to ascertain, represented the Debtors, Debtors' creditors, equity security holders or any other party in interest in connection with the Bankruptcy Cases.

**The Firm Procedures**

7. To prepare this Declaration, I obtained as included in the Chapter 7 Bankruptcy Petition and related documents the names of (a) the Debtors, (b) the former and current members, directors and officers (c) the equity security holders of the Debtors, if any (d) the unsecured creditors and (e) known secured creditors of the Debtors ("Conflict Search Parties"). I have submitted the aforesaid Conflict Search Parties which appear on the listing attached hereto as Exhibit "A" for review in Cozen O'Connor's conflicts system. Cozen O'Connor's conflicts system has generated a report regarding the names submitted (the "Conflicts Report").

8. Cozen O'Connor maintains and systematically updates its conflict check system in the regular course of business of the firm, and it is the regular practice of Cozen O'Connor to make and maintain these records. Cozen O'Connor's conflict system is designed to include (i) every matter on which Cozen O'Connor now or has been engaged; (ii) the entity engaging Cozen O'Connor; (iii) the identity of related parties and their relationship to the matter; and (iv) the attorney at Cozen O'Connor who is responsible for the matter. It is Cozen O'Connor's policy that no new matter be accepted or opened within the firm without completing and submitting to the firm's case management staff the information necessary to check such matter for conflicts. Although the conflicts system is regularly updated for every new matter undertaken by Cozen O'Connor, the accuracy of the conflict system and the scope of its coverage is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

**Cozen O'Connor's Connections with Parties In Interest**

9. To the best of my knowledge after diligent inquiry, except as set forth in this Declaration, Cozen O'Connor has no material "connections," as such term is used in FRBP 2014(a) with the Debtors, Debtors' creditors, employees, other professionals, the United States Trustee, or any other party in interest, all to the extent ascertainable from the information obtained from the Debtors' Chapter 7 Bankruptcy Petition and related documents.

10. <u>Debtors</u>. Cozen O'Connor's conflicts search of the Debtors identified on the Conflict Search Parties (Exhibit A) has been completed and does not reveal a conflict

11. <u>Members, Directors, Officers and Equity Security Holders</u>. Cozen O'Connor's conflicts search of the Current Members/Officers/Directors and Equity Security Holders, if any, as of the petition date and the Former Members/Officers/Directors and Equity Security Holders, if any, identified on the Conflict Search Parties list (Exhibit A) has been completed and does not reveal a conflict.

12. <u>Secured Lenders</u>. Cozen O'Connor's conflicts search of the known secured creditors, if any, identified on the Conflict Search Parties list (Exhibit A) reveals no conflicts.

13. <u>Unsecured Creditors.</u> Cozen O'Connor's conflicts search of the unsecured creditors filed by the Debtors, subject to the special classification described below of "Insurance Coverage Matters" and "Subrogation Matters", reveals no conflicts except for representation of those unsecured creditors, if any, identified on Exhibit "B" hereto in matters unrelated to the Bankruptcy Cases. Cozen O'Connor will not represent the parties identified on Exhibit "B" hereto in connection with any matters related to the Estates of the Debtors.

14. Cozen O'Connor is an international law firm with more than 800 attorneys practicing in 31 cities in the United States; London, England; Montreal and Toronto, Canada; and Vancouver, British Columbia. In addition to insolvency and corporate counsel, Cozen O'Connor

provides legal counsel in many practice areas such as tax, healthcare, public finance, real estates, employment, commercial, intellectual property and insurance litigation. Cozen O'Connor's largest practice group is devoted to insurance litigation, primarily coverage litigation, commercial subrogation and casualty defense.

### Insurance Coverage Matters

15. From time to time Cozen O'Connor is engaged by insurance companies to defend their insureds (the "Insured") against claims. In such instances, Cozen O'Connor's fees are paid by the insurance company and not the Insured. Cozen O'Connor does not consider itself to be the Insured's counsel, except nominally, in that there is no fee being paid by the Insured (the "Coverage Client") to Cozen O'Connor. Cozen O'Connor has attached as Exhibit "C" a schedule of creditors of the Debtors which have pending insurance coverage matters, if any, for which Cozen O'Connor has been named by the insurance company as counsel for the Insured. The representation by Cozen O'Connor of these Coverage Clients is in matters which are unrelated to the Debtors.

### Subrogation Matters

16. From time to time Cozen O'Connor is engaged by insurance companies to represent them in seeking recovery of sums paid to their Insureds in settlement of claims when the insurance company believes that a party other than the Insured may have been responsible for the loss. In such instances, the insurance company exercises its right to pursue a claim in the name of the Insured, but the Insured has no right to or interest in the action since the Insured has already been paid by the insurance company under its policy. Cozen O'Connor has attached as Exhibit "D" a schedule of the creditors of the Debtors (the "Subrogation Clients") which are nominal clients of

Cozen O'Connor to the extent that their names appear as plaintiffs in actions filed for the benefit of an insurance company which has satisfied its obligation to the Subrogation Client.

17. As a large international law firm, Cozen O'Connor maintains a large and diversified legal practice that encompasses the representation of many financial institutions, private and public commercial corporations and other business entities and individuals, some of which are or may consider themselves to be creditors or parties in interest in the Bankruptcy Cases or otherwise. Cozen O'Connor will not represent any of such entities or individuals in connection with the Bankruptcy Cases.

18. In addition, I have ascertained that there is no material connection between Cozen O'Connor and United States Trustee, Assistant United States Trustee for the District of Delaware, any person employed with the Office of the United States Trustee for the District of Delaware, or any Judges of the Delaware Bankruptcy Court with the exception of a current employee of Cozen O'Connor, Ira Bodenstein, having previously served as United States Trustee for Region 11 and for a one year period as the acting United States Trustee for Region 9 and in such capacity supervised Andrew Vara (Acting United States Trustee for Region 3) who was a trial attorney at the time.

19. Cozen O'Connor shall supplement or amend this Declaration in the event additional disclosure is required with respect to any of the parties in interest identified in this Declaration or other parties in interest that become known to Cozen O'Connor in the course of the Bankruptcy Cases.

**Cozen O'Connor is Disinterested**

20. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, Cozen O'Connor or any member, counsel or associate thereof, insofar as I have been able to ascertain has any connection with the Debtors, its unsecured creditors or any

other parties in interest, or the United States Trustee or any person employed in the Office of the United States Trustee, except as disclosed or as otherwise described herein.

21. Based on the conflicts search described herein, Cozen O'Connor does not hold or represent any interest adverse to the Estates except as otherwise described herein.

22. Based on the conflict search described herein, Cozen O'Connor is a "disinterested person" as that term is defined in § 101(14) of Title 11 of the Bankruptcy Code, in that Cozen O'Connor, its members, counsel and associates:

    a. are not creditors, equity security holders or insiders of the Debtors;

    b. are not and were not, within two years before the date of commencement of the Bankruptcy Cases, a director, officer, or employee of the Debtors; and

    c. do not have any interest materially adverse to the interest of the Estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

## CO's Rates and Billing Practices

23. Cozen O'Connor intends to apply for compensation for professional services rendered in connection with the Bankruptcy Cases subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules and orders of this Court. Such applications will seek compensation on an hourly basis, plus reimbursement of actual, necessary expenses and other charges that Cozen O'Connor incurs during the Bankruptcy Cases. The principal attorneys and paralegals designated to represent the Trustee in the Bankruptcy Cases, and their standard hourly rates as of this filing are as follows:

| Name | Rate |
|---|---|
| John T. Carroll, III, Shareholder | $880.00 per hour |
| Simon E. Fraser, Member | $705.00 per hour |
| Eric L. Scherling, Member | $685.00 per hour |
| Marla Benedek, Associate | $505.00 per hour |
| Jill L. Deeney, Paralegal | $310.00 per hour |

LEGAL\57880984\2 6010823/00551865

The hourly rates set forth above are subject to periodic adjustment to reflect economic and other conditions. Customarily, such rates are adjusted effective January 1 of each year. Other attorneys and paralegals may from time to time serve the Trustee in connection with the matters described in this Declaration.

24.     The hourly rates set forth above are Cozen O'Connor's standard hourly rates for insolvency work of this nature. These rates are set at a level to compensate Cozen O'Connor fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Cozen O'Connor's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. These expenses include, among other things, long distance telephone charges, facsimile charges, certain mail charges, express mail charges, special or hand delivery charges, photocopying charges, computerized research, travel expenses, and expenses for "working meals," as well as extra-ordinary overhead expenses such as secretarial overtime. Cozen O'Connor will charge the Trustee for these expenses in a manner and at rates consistent with the charges made to Cozen O'Connor's clients, generally.

25.     Cozen O'Connor has not entered into any agreement or writing with third parties respecting the division of fees to be received in the Bankruptcy Cases or other agreement prohibited by 18 U.S.C. § 155.

## **Conclusion**

26. This Declaration constitutes the statement of Cozen O'Connor pursuant to §§ 327, 328(a), 329, and 504 of the Bankruptcy Code, and Fed.R.Bankr.P. 2014(a) and 2016(b).

Dated: May 10, 2022
       Wilmington, DE

COZEN O'CONNOR

By: */s/ John T. Carroll, III*

John T. Carroll, III (DE No. 4060)
1201 North Market Street
Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2028
Facsimile: (302) 295-2013
jcarroll@cozen.com

*Proposed Counsel to the Chapter 7 Trustee, George L. Miller*

9
LEGAL\57880984\2 6010823/00551865

## EXHIBIT "A" - CONFLICT SEARCH PARTIES

**Client:**
George L. Miller, Chapter 7 Trustee

**Debtor:**
EAM 40 Meadow Lane LLC

**Members/Directors of EAM 40 Meadow Lane LLC:**
EZL 40 Meadow Lane LLC – Managing Member

**Known Secured Creditors of EAM 40 Meadow Lane LLC:**
None

**Known Unsecured Creditors of EAM 40 Meadow Lane LLC:**
Atlantic Specialty Insurance Company
Harsh Padia
HFZ Capital Group LLC
NY Stone & Tile
Ranee A. Bartolacci
YH Lex Estates LLC
Ziel Feldman

**Other Searched Party**:
Ermitage One LLC

---

**Client:**
George L. Miller, Chapter 7 Trustee

**Debtor:**
EZL 40 Meadow Lane LLC

**Members/Directors of EZL 40 Meadow Lane LLC**
Nir Meir - Manager

**Known Secured Creditors of EZL 40 Meadow Lane LLC:**
None

**Known Unsecured Creditors of EZL 40 Meadow Lane LLC:**
HFZ Capital Group LLC
Ranee A. Bartolacci
Ziel Feldman

**Other Searched Party**:
Ermitage One LLC

## Office of the United States Trustee
### Region 3 - Wilmington DE - Staff Directory

| | |
|---|---|
| Andrew Vara | United States Trustee |
| T. Patrick Tinker | Assistant U.S. Trustee |
| Lauren Attix | OA Assistant |
| David Buchbinder | Trial Attorney |
| Linda Casey | Trial Attorney |
| Denis Cooke | Auditor |
| Joseph Cudia | Trial Attorney |
| Holly Dice | Auditor |
| Shakima L. Dortch | Paralegal Specialist |
| Timothy J. Fox, Jr. | Trial Attorney |
| Diane Giordano | Bankruptcy Analyst |
| Christine Green | Paralegal Specialist |
| Benjamin Hackman | Trial Attorney |
| Ramona Harris | Paralegal Specialist |
| Nyanquoi Jones | Auditor |
| Jane Leamy | Trial Attorney |
| Hannah M. McCollum | Trial Attorney |
| Joseph McMahon | Trial Attorney |
| Angelique Okita | Paralegal Specialist |
| James R. O'Malley | Bankruptcy Analyst |
| Michael Panacio | Bankruptcy Analyst |
| Linda Richenderfer | Trial Attorney |
| Juliet Sarkessian | Trial Attorney |
| Richard Schepacarter | Trial Attorney |
| Edith A. Serrano | Paralegal Specialist |
| Rosa Sierra | Trial Attorney |
| Karen Starr | Bankruptcy Analyst |
| Dion Wynn | Paralegal Specialist |

### Bankruptcy Judges
### United States Bankruptcy Court District of Delaware

The Honorable Laurie Selber Silverstein
The Honorable Christopher S. Sontchi
The Honorable John T. Dorsey
The Honorable Craig T. Goldblatt
The Honorable Karen B. Owens
The Honorable Brendan L. Shannon
The Honorable J. Kate Stickles
The Honorable Mary F. Walrath
The Honorable Ashley M. Chan

### Clerk of the United States Bankruptcy Court District of Delaware

Una O'Boyle

# EXHIBIT "B"

**UNSECURED CREDITORS AND/OR COUNTERPARTIES TO EXECUTORY CONTRACTS AS CLIENTS IN MATTERS UNRELATED TO BANKRUPTCY CASES**

|   |   |
|---|---|
| 1. | Atlantic Specialty Insurance Company |

## EXHIBIT "C"

| | **CLIENT** | **RELATION TO DEBTORS** |
|---|---|---|
| | None | |

3

# EXHIBIT "D"

| | **CLIENT** | **INSURED/CREDITOR** |
|---|---|---|
| | None | |