IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EAM 40 MEADOW LANE LLC,<br><br>       Debtor.<br><br>GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the bankruptcy estate of EAM 40 Meadow Lane LLC,<br><br>       Plaintiff,<br>v.<br><br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br><br>       Defendant. | Case No. 22-10293 (BLS)<br><br>Chapter 7<br><br><br><br><br><br>Adv. Pro. No. _____ |

**COMPLAINT**

George L. Miller, the Chapter 7 Trustee (the "Trustee") for the Chapter 7 bankruptcy estate of EAM 40 Meadow Lane LLC (the "Debtor"), by and through his undersigned counsel, respectfully states as follows for his Complaint against Quinn Emanuel Urquhart & Sullivan LLP (the "Defendant") to avoid and recover fraudulent transfers, and for other relief as requested herein:

**INTRODUCTION[1]**

1. This adversary proceeding is brought in connection with the Trustee's efforts to recover proceeds from the sale of 40 Meadow Lane, which were siphoned off from the Debtor's

---

[1] Any capitalized terms not defined in this section shall have the meanings ascribed to them below.

estate at the direction of Nir Meir, the manager of the Debtor's managing member. The Trustee seeks to avoid and recover all subsequent transfers of the Sale Proceeds made to the Defendant.

2.  In addition, the Trustee seeks to disallow, pursuant to 11 U.S.C. §§ 502(d) and/or (j), any and all claims that the Defendant has filed or asserted against the Debtor's estate. The Trustee hereby reserves all of his rights to object to any such claim for any reason.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157 and 1334(b) because this adversary proceeding arises under and in, and is related to, the above-captioned case under title 11 of the United States Code (the "Bankruptcy Code").

4.  This matter is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2).

5.  Venue is appropriate in this District pursuant to 28 U.S.C. § 1409(a).

## PARTIES

6.  Plaintiff George L. Miller is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate"). The Trustee maintains an office at 8 Penn Center, Suite 950, 1628 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103.

7.  On April 6, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. Also on April 6, 2022, the Trustee was appointed to serve as the Chapter 7 Trustee of the Debtor's Estate.

8.  The Defendant is a California limited liability partnership with headquarters located at 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

## FACTUAL BACKGROUND

### A. The Formation and Ownership of the Debtor

9. The Debtor was organized in June 2013 as a limited liability company in the state of Delaware. Initially, 100% of the ownership interests in the Debtor were held by HFZ Capital Group LLC ("HFZ Capital"). Nir Meir was employed as the managing director of HFZ Capital and managed the firm's day-to-day operations.

10. The Debtor's Corporate Ownership Statement, however, reflects that as of the Petition Date, 95% of the ownership interests of the Debtor were held by EZL 40 Meadow Lane LLC ("EZL").[2] Upon information and belief, the remaining 5% of the ownership interests of the Debtor were held by HFZ Capital. The managing member of the Debtor is EZL, and the manager of EZL is Nir Meir.

11. Upon information and belief, the Debtor was organized for the sole purpose of purchasing the real property located at 40 Meadow Lane, Southampton, New York ("40 Meadow Lane").

### B. The Acquisition and Construction of 40 Meadow Lane

12. In or around December 2013, the Debtor acquired 40 Meadow Lane for a purchase price of $10.5 million.

13. The Debtor acquired the property with the purpose of tearing down the existing home and building a new luxury home. Construction took approximately four years to be completed. Redevelopment of the property was initially delayed due to litigation over the proposed modern design of the new home, which would sit within the Village of Southampton's historical district.

---

[2] EZL is also a debtor in a chapter 7 bankruptcy case pending before this Court, styled *In re EZL 40 Meadow Lane LLC*, Case No. 22-10294 (BLS).

14.     In connection with the construction of the new luxury home, Nir Meir caused the Debtor to incur significant debts. Between 2015 and 2019, the Debtor borrowed more than $18.35 million from MCAM 40ML Lender LLC, as successor-by-assignment to ConnectOne Bank ("MCAM"), for construction costs.

15.     Upon completion of the construction, Nir Meir and his family moved into the luxury home and resided there until approximately April 2021. Neither Nir Meir nor his family paid any consideration to the Debtor for use of 40 Meadow Lane.

    **C.    Nir Meir's Fraudulent Schemes with Respect to HFZ Capital and His Use of the Debtor to Secure His Personal Obligations**

16.     On February 7, 2024, Manhattan District Attorney Alvin L. Bragg, Jr. announced the indictment of HFZ Capital, Nir Meir and others, for allegedly stealing more than $86 million from investors, subcontractors, and New York City through a series of frauds and schemes that began in 2015. The indictments contain allegations of widespread fraud primarily spearheaded by Nir Meir, as well as allegations that Nir Meir misappropriated investor and lender proceeds to fund his lavish lifestyle.

17.     Upon information and belief, Nir Meir's fraudulent schemes started to unravel in or around 2020 when HFZ Capital defaulted on certain loan obligations in connection with various construction projects. Certain lenders and investors of HFZ Capital commenced actions to collect on the debts. Because Nir Meir had personally guaranteed some of HFZ Capital's debt obligations, he was named as a defendant in certain actions.

18.     By way of example, on November 3, 2020, creditor YH Lex Estates LLC commenced an action, styled *YH Lex Estates LLC v. HFZ Capital Group LLC, Ziel Feldman and Nir Meir*, Index No. 655980/2020, to compel payment of a debt owed to YH Lex Estates LLC.

19. Also around the same time, HFZ Capital's founding principal, Ziel Feldman, purportedly discovered that Nir Meir had been misappropriating HFZ Capital's funds for his own benefit and forging certain business records. Ziel Feldman then fired Nir Meir from HFZ Capital.

20. Nir Meir's removal from HFZ Capital triggered a dispute over ownership of the Debtor and 40 Meadow Lane, with HFZ Capital asserting that it possessed an indirect ownership interest in the property by virtue of its minority ownership interest in the Debtor. Upon information and belief, on December 29, 2020, HFZ Capital caused the Debtor to commence an action, styled *EAM 40 Meadow Lane, LLC v. Nir Meir*, Index No. 620169/2020, in the Supreme Court of the State of New York, County of Suffolk, to evict Nir Meir and his family from 40 Meadow Lane.

21. No longer having access to HFZ Capital's funds, Nir Meir began using the Debtor's assets as collateral for personal loans. For example, on or around February 5, 2021, Nir Meir caused the Debtor to grant to his business associate, Harsh Padia, a mortgage on 40 Meadow Lane to secure a debt of approximately $8,000,000 that Nir Meir himself – and not the Debtor – owed to Harsh Padia. The Debtor did not receive any consideration in exchange for the mortgage.

**D.  The Sale of 40 Meadow Lane and Initial Fraudulent Transfers of the Sale Proceeds**

22. By early 2021, creditors were closing in on Nir Meir. In order to evade his creditors, Nir Meir, with the help of others, concocted a scheme to sell 40 Meadow Lane, thereby stripping the Debtor of its principal asset, and hide the sale proceeds from creditors.

23. On April 5, 2021, Nir Meir caused the Debtor to sell 40 Meadow Lane together with certain furnishings to a third-party for a total of $44,908,656 (the "Sale Proceeds"). Despite the Debtor holding title in fee simple to 40 Meadow Lane, the Debtor received none of the consideration for the sale of the property.

24. Advantage Title Agency, Inc. (the "Title Company"), at Nir Meir's direction, served as disbursing agent of the Sale Proceeds. Upon the close of the sale, the Title Company first disbursed a total of $28,836,869.28 to satisfy the outstanding mortgage lien held by MCAM and the alleged mortgage lien of Harsh Padia.

25. Nir Meir then directed the Title Company to disburse the Sale Proceeds as follows: (i) $500,000.00 to Davidoff Hutcher & Citron LLP ("Davidoff Hutcher"); (ii) $2,000,000 to a JPMorgan Chase Bank, N.A. ("Chase Bank") account ending in -0193 in the name of Ermitage One LLC ("Ermitage"); (iii) $10,587,387.52 to a Chase Bank account ending in -5760 in the name of Nir Meir's wife, Ranee Bartolacci ("Bartolacci"); and (iii) $1,628,158.58 to Nir Meir's Chase Bank account ending in -2895.

26. Upon information and belief, Davidoff Hutcher has served as personal legal counsel to Nir Meir and his family for a number of years.

27. Ermitage had been organized by Davidoff Hutcher as a New York limited liability company on March 26, 2021—just 10 days prior to the sale. Upon information and belief, Ermitage was formed for the purpose of concealing and removing the Debtor's assets from the reach of Nir Meir's creditors. Bartolacci is the sole member of Ermitage.

28. Ermitage was subsequently merged with a limited liability company of the same name organized in the state of Florida, with a principal address at Davidoff Hutcher's offices at 605 Third Avenue, New York, NY 10158.

29.     In sum, the Title Company distributed the proceeds from the sale of 40 Meadow Lane as follows:

| **Title Agent Disbursements:** | |
|---|---:|
| Advantage Title Agency, Inc. | $ 1,356,240.62 |
| MCAM 40ML Lender, LLC | $ 22,796,869.28 |
| Rosen Law LLC for the benefit of Harsh Padia | $ 6,040,000.00 |
| Davidoff Hutcher & Cirton LLC | $ 500,000.00 |
| Ermitage One LLC | $ 2,000,000.00 |
| Ranee E. Bartolacci | $ 10,587,387.52 |
| Nir Meir | $ 1,628,158.58 |
| | **$ 44,908,656.00** |

30.     The Title Company also held the sum of $200,000 in escrow (the "Holdover Escrow") to secure the Debtor's post-closing obligation to surrender the property to the third-party purchaser. On June 1, 2021, Nir Meir directed the Title Company to disburse the amount of the Holdover Escrow to Ermitage's Chase Bank account ending in -0193.

31.     The Title Company transferred a total of $14,415,546.10 as outlined above (the "Insider Transfers") from the Sale Proceeds to Nir Meir, Bartolacci and Ermitage (the "Insiders").

32.     Nir Meir authorized and facilitated the aforesaid disbursements in his capacity as the manager of EZL, the managing member of the Debtor, with the actual intent to hinder, delay, or defraud one or more entities to which the Debtor was or became indebted on or after the date the disbursements were made.

33.     The Insider Transfers to the Insiders were made in exchange for less than reasonably equivalent value at a time when the Debtor was insolvent or became insolvent as a result of the disbursements.

### E. Financial Condition of the Debtor

34. As a result of the sale of 40 Meadow Lane and the aforesaid disbursements of all the Sale Proceeds, the Debtor was left as an empty shell.

35. Nir Meir knew or should have known that selling 40 Meadow Lane and transferring the Sale Proceeds away from the Debtor, including to Davidoff Hutcher and to the Insiders, would leave the Debtor with unreasonably small capital to pay its debts as they came due.

### F. Subsequent Transfers to the Defendant

36. The Insiders subsequently transferred $250,000.00 of the Sale Proceeds to the Defendant (the "Subsequent Transfers").

37. A chart of the Subsequent Transfers made to the Defendant is attached hereto as **Exhibit A** and incorporated herein.

38. The Insiders' bank accounts from which the Subsequent Transfers were made had small balances prior to receiving the Initial Transfers.

## COUNT I
### Recovery of Subsequent Transfers
### (11 U.S.C. § 550(a)(2))

39. The Trustee hereby re-alleges and incorporates the allegations set forth in paragraphs 1 through 37 above as if fully set forth herein.

40. The Insider Transfers are avoidable as to the Insiders, as initial transferees, pursuant to 11 U.S.C. §§ 548(a)(1)(A) and/or 548(a)(1)(B).

41. The Defendant is an immediate or mediate transferee of the Subsequent Transfers.

42. Pursuant to 11 U.S.C. § 550(a)(2), the Trustee is entitled to recover from the Defendant the avoided Subsequent Transfers or the value thereof, for the benefit of the Debtor's estate.

## COUNT II
## Disallowance of Claim
## (11 U.S.C. § 502)

43. The Trustee hereby re-alleges and incorporates the allegations set forth in paragraphs 1 through 37 above as if fully set forth herein.

44. The Defendant is a subsequent transferee of transfers that are avoidable pursuant to 11 U.S.C. § 548, which property is recoverable pursuant to 11 U.S.C. § 550.

45. The Defendant has not paid the amount of the avoidable Subsequent Transfers to the Estate, or turned over such property to the Estate, for which the Defendant is liable under 11 U.S.C. § 550.

46. Pursuant to 11 U.S.C. § 502(d), any and all claims of the Defendant and/or its assignees against the Debtor's Estate must be disallowed until such time as the Defendant pays to the Trustee an amount equal to the aggregate amount of the Subsequent Transfers, plus interest thereon and costs.

47. Pursuant to 11 U.S.C. § 502(j), any and all claims of the Defendant, and/or its assignees, against the Debtor's Estate or the Trustee previously allowed must be reconsidered and disallowed until such time as the Defendant pays to the Trustee an amount equal to the aggregate amount of the Subsequent Transfers, plus interest thereon and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against the Defendant granting the following relief:

A. On Count I of the Complaint, judgment in favor of the Trustee and against the Defendant, (i) finding that the Trustee may recover the amount of the Subsequent Transfers from the Defendant pursuant to 11 U.S.C. § 550(a)(2); and (ii) ordering the Defendant to pay to the

bankruptcy estate the aggregate value of the Subsequent Transfers, plus interest from the dates of the Subsequent Transfers.

  B. On Count II of the Complaint, judgment pursuant to 11 U.S.C. §§ 502(d) and (j) disallowing any and all claims held or filed by the Defendant against the Debtor's Estate until the Defendant has returned the amount of the Subsequent Transfers to the Trustee;

  C. On all Counts of the Complaint, ordering the Defendant to pay to the estate the costs and expenses of this suit to the extent permitted by applicable law; and

  D. Granting the Trustee such other and further relief as this Court may deem just and proper.

Date:  April 5, 2024  
Wilmington, DE

COZEN O'CONNOR

By: /s/ *John T. Carroll, III*  
  John T. Carroll, III (DE No. 4060)  
  Simon E. Fraser (DE No. 5335)  
  1201 North Market Street  
  Suite 1001  
  Wilmington, DE  19801  
  (302) 295-2000 Telephone  
  (302) 295-2013 Fax No.  
  jcarroll@cozen.com  
  sfraser@cozen.com

and

Christina M. Sanfelippo  
(*Pro Hac Vice forthcoming*)  
123 North Wacker Drive  
Suite 1800  
Chicago, IL 60606  
(312) 382-3100 Telephone  
csanfelippo@cozen.com

*Counsel for George L. Miller, Chapter 7 Trustee*