EXHIBIT "B"

## MORTGAGE NOTE

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

January 19, 2021

$8,000,000.00

In conditional satisfaction of the three Guaranties made by Nir Meir to Harsh Padia in the amounts of $1,326,105, $4,003,336, and $4,607,599 of the Original Notes (as defined below) on October 7, 2019 (collectively, the "Original Guaranties") and a $2,000,000 loan provided by Harsh Padia to HFZ Member RB Acquisitions LLC on or about June 8, 2020 (which the parties agree is not accruing interest as of the date hereof) (the "Extra Loan" and together with the Original Guaranties, the "Original Obligations"), NIR MEIR, residing at 225 West 86th Street, Apt. 1017, New York, New York 10024, individually and EAM 40 MEADOW LANE LLC, a Delaware limited liability company, having an address at 225 West 86th Street, Apt. 1017, New York, New York 10024 ("Maker"), hereby covenants and promises to pay to HARSH PADIA, having an address at 395 Hudson Street, Suite 701, New York, New York 10014 ("Payee") (unless Harsh Padia collects on the Notes that  H F Z Capital Group LLC ("HFZ") made for the benefit of Harsh Padia on October 7, 2019 in the amounts of $1,326,105, $4,003,336, and $4,607,599 (the "Original Notes")), at Payee's address first above written or at such other address as Payee may designate in writing, Eight Million Dollars ($8,000,000.00), lawful money of the United States of America, together with interest thereon computed from the date hereof at the rate of twelve percent (12%) per annum, on an actual day/360 day basis (i.e., interest for each day during which any of the principal indebtedness is outstanding shall be computed at the aforesaid rate divided by 360), which principal and interest shall be due and payable as follows subject to the provisions of Section 1 below::

    a.  Partial interest payment of $40,000.00 due on February 28, 2021;
    b.  Partial interest payment of $40,000.00 due on March 31, 2021;
    c.  Partial interest payment of $40,000.00 due on April 30, 2021;
    d.  Partial interest payment of $40,000.00 due on May 31, 2021;
    e.  Partial interest payment of $40,000.00 due on June 30, 2021;
    f.  Partial interest payment of $40,000.00 due on July 31, 2021;
    g.  Partial interest payment of $40,000.00 due on August 31, 2021;
    h.  All accrued and unpaid interest plus the principal balance shall be due and payable on September 1, 2021.

**Maker covenants and agrees with Payee as follows:**

1.     If Payee or his assignee collects more than $5,000,000 pursuant to the Original Notes and the Extra Loan, then this Note shall be reduced by such amounts collected in excess of $5,000,000.  If Payee (or his assignee) collects the full amounts pursuant to the Original Notes, Harsh Padia (or his assignee) shall not be entitled to collect anything pursuant to this Note; and it shall be deemed of no further force and effect.

2.  This Note is secured by a mortgage of even date herewith (the "Mortgage"), which Mortgage is a lien upon the property which is more particularly described in the Mortgage and subject to Section 7 below.  All of the covenants, conditions and agreements contained in the Mortgage expressly are incorporated by reference herein and hereby are made a part hereof.  In the event of any conflict between the terms of this Note and the terms of the Mortgage, the terms of the Mortgage shall be paramount and shall govern.  In the event any payment due hereunder shall not be paid on the date when due, such payment shall bear interest at the lesser of twenty percent per annum or the highest lawful rate permitted under applicable law, from the date when such payment was due until paid.  In addition, Maker shall pay a late payment premium of five percent of any principal or interest payment made more than seven (7) days after the due date thereof, which premium shall be paid with such late payment.  This paragraph shall not be deemed to extend or otherwise modify or amend the date when such payments are due hereunder.

3.  The holder of this Note may declare the entire unpaid amount of principal and interest under this Note to be immediately due and payable if Maker defaults in the due and punctual payment of any installment of principal or interest hereunder; provided the holder gives the Maker seven (7) business days' notice of such default and such amounts are not paid within such seven (7) day period.  In addition, should Maker fail to pay such amounts in such seven (7) day period, Payee will have the right to file the Affidavit of Confession of Judgment, which Maker and the Guarantors have executed and notarized as of the date hereof and which shall be held in escrow by the attorney for Payee until such time (if any) when Maker shall fail to pay such amounts in such seven (7) day period.  Upon payments of all amounts due hereunder or if Payee collects its obligations under the Original Notes, the Affidavit of Confession of Judgment shall be returned to Nir Meir or his attorneys. Notwithstanding the foregoing, Payee need not provide any seven (7) day notice of give any notice of any kind prior to filing the Affidavit of Confession of Judgment if the total sums due under this Note are not paid to Payee on September 1, 2021.

4.  Maker shall have the right to prepay the indebtedness evidenced by this Note, in whole or in part, without penalty.

5.  Maker, and all guarantors, endorsers and sureties of this Note, hereby waive presentment for payment, demand, protest, notice of protest, notice of nonpayment, and notice of dishonor of this Note.  Maker and all guarantors, endorsers and sureties consent that Payee at any time may extend the time of payment of all or any part of the indebtedness secured hereby, or may grant any other indulgences.

6.  Any notice or demand required or permitted to be made or given hereunder shall be deemed sufficiently made and given if given by personal service or by Federal Express courier or by the mailing of such notice or demand by certified or registered mail, return receipt requested, with postage prepaid, addressed, if to Maker, at Maker's address first above written, or if to Payee, at Payee's address first above written.  Either party may change its address by like notice to the other party.

7.  This Note may not be changed or terminated orally, but only by an agreement in writing signed by the party against whom enforcement of any change, modification, termination, waiver, or discharge is sought.  This Note shall be construed and enforced in accordance with the laws of New York.

8.  The Original Guaranties shall be deemed to be of no further or effect and are null and void, once the monies due under this Note are paid in full or if Payee (or his assignee) collects the full amounts pursuant to the Original Notes.

9. A copy of this Note shall be deemed as an original for all purposes.

**IN WITNESS WHEREOF**, Maker has executed this Note on the date first above written.

> EAM 40 MEADOW LANE LLC
> A Delaware limited liability company
>
> By: EZL 40 MEADOW LANE LLC,
> A Delaware limited liability company
> It's Managing Member
>
> By: _____
> Name: Nir Meir
> Title: Managing Member
>
> _____
> Nir Meir

I, Nir Meir, residing at 225 West 86th Street, Apt. 1017, New York, New York 10024, hereby personally and unconditionally guaranty the obligations of EAM 40 Meadow Lane LLC to Payee, Harsh Padia and I waive all defenses to this guaranty of this Note.

> _____
> Nir Meir

EZL 40 MEADOW LANE LLC, with its principal place of business located at 225 West 86th Street, Apt. 1017, New York, New York 10024, hereby unconditionally guaranties the obligations of EAM 40 Meadow Lane LLC to Payee, Harsh Padia and EZL 40 MEADOW LANE LLC waives all defenses to this guaranty of this Note.

> EZL 40 MEADOW LANE LLC,
> A Delaware limited liability company
>
>
> By: _____
> Name: Nir Meir
> Title: Managing Member