# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| EAM 40 MEADOW LANE LLC,[1] | Case No. 22-10293 (BLS) |
| Debtor. | |
| In re: | Chapter 7 |
| EZL 40 MEADOW LANE LLC,[2] | Case No. 22-10294 (BLS) |
| Debtor. | **Hearing Date: June 12, 2024 at 9:00 a.m. (ET)** |
| | **Objection Deadline: April 23, 2024 at 4:00 p.m. (ET)** |

## MOTION OF WOMBLE BOND DICKINSON (US) LLP FOR LEAVE TO WITHDRAW AS COUNSEL TO THE DEBTORS

Womble Bond Dickinson (US) LLP ("Womble"), counsel to EAM 40 Meadow Lane LLC ("EAM") and EZL 40 Meadow Lane LLC ("EZL" and, together with EAM, collectively, the "Debtors"), debtors in the above-captioned chapter 7 cases (collectively, the "Chapter 7 Cases"), hereby moves (the "Motion") this Court for entry of an order permitting Womble to withdraw as counsel (to the extent currently engaged) pursuant to Rule 9010-2(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of the Motion, Womble respectfully states as follows:

---

[1] The Debtor in this chapter 7 case, its jurisdiction of organization, and the last four digits of its U.S. taxpayer identification number is EAM 40 Meadow Lane LLC, a Delaware limited liability company (4553).

[2] The Debtor in this chapter 7 case, its jurisdiction of organization, and the last four digits of its U.S. taxpayer identification number is EZL 40 Meadow Lane, LLC, a Delaware limited liability company (6074).

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and Womble confirms its consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein is section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). Relief also is warranted pursuant to Local Rule 9010-2(b), and Rule 1.16 of the Delaware Lawyers' Rules of Professional Conduct.

## BACKGROUND

3. On April 4, 2022, the Debtors engaged Womble as counsel in connection with preparing for and filing their petitions commencing the Chapter 7 Cases, and their schedules of assets and liabilities and statements of financial affairs with the Court. Such engagement is memorialized in an engagement letter executed on or about April 4, 2022 (the "April 4 Engagement Letter").

4. On April 6, 2022 (the "Petition Date"), the Debtors commenced these Chapter 7 Cases by filing voluntary petitions for relief under Chapter 7 of the Bankruptcy Code with this Court.

5. On the Petition Date, the Office of the United States Trustee appointed George L. Miller (the "Trustee") to serve as the chapter 7 trustee for the estates of the Debtors.

6. On April 18, 2022, the Debtors filed their schedules of assets and liabilities and statements of financial affairs.

7. On April 21, 2022, the Debtors further engaged Womble as counsel in connection with contesting a proposed settlement stipulation between the Trustee and YH Lex Estates LLC. Such engagement is memorialized in an engagement letter executed on or about April 21, 2022 (the "April 21 Engagement Letter" and, together with the April 4 Engagement Letter, collectively, the "Engagement Letters").

8. On April 25, 2022, the Trustee filed his Motion of Chapter 7 Trustee for an Order Approving Stipulation Between Chapter 7 Trustee and YH Lex Estates LLC Pursuant to Fed. R. Bankr. P. 9019 (EAM Docket No. 21; EZL Docket No. 15) (the "Bankruptcy Rule 9019 Motion"), seeking approval of the settlement stipulation. The Trustee also requested the Bankruptcy Rule 9019 Motion to be heard on an expedited basis.

9. On April 29, 2022, the Debtors filed their objection to the Bankruptcy Rule 9019 Motion.

10. Ultimately the parties were able to agree upon a form of order, which was entered by the Court upon certification of counsel on May 2, 2022 (EAM Docket No. 41; EZL Docket No. 33).

11. Thus, there are currently no pending disputes regarding the Debtors, and the work set forth as the scope of Womble's engagements has concluded.

**RELIEF REQUESTED**

12. By this Motion, Womble seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, permitting it to withdraw as counsel to the Debtors (to the extent currently engaged).

## BASES FOR RELIEF

A. **The Court Should Enter the Proposed Order Because Womble's Work for the Debtors Has Already Been Completed.**

13. As a preliminary matter, Womble maintains that its representation of the Debtors has already concluded, because Womble has fulfilled the scope of its engagements pursuant to the terms of the Engagement Letters, and therefore is seeking the relief requested in the Motion out of an abundance of caution.

14. Specifically, the April 4 Engagement Letter makes clear that the scope of Womble's initial engagement was limited to preparing for and filing their petitions commencing the Chapter 7 Cases, and their schedules of assets and liabilities and statements of financial affairs with the Court. In particular, the April 4 Engagement Letter states:

> This letter will confirm the terms under which Womble Bond Dickinson (US) LLP (the "Firm") has agreed to be engaged to serve as counsel for EZL 40 Meadow Lane LLC and EAM 40 Meadow Lane LLC (collectively, the "Clients") in connection with (i) preparing for and filing their petitions commencing bankruptcy proceedings under chapter 7 of Title 11, United States Code, together with their schedules of assets and liabilities and statements of financial affairs with the United States Bankruptcy Court for the District of Delaware (collectively, the "Matter").

15. The April 4 Engagement Letter further emphasizes that the engagement was limited to those matters, and did not extend to matters beyond that scope. In particular, the April 4 Engagement Letter further states (with bold emphasis in original):

> The scope of this Firm's engagement shall be to serve as counsel for the Clients solely in connection with the Matter. **For the avoidance of doubt, the scope of the Matter shall NOT include prosecuting such petitions and/or opposing any challenge and/or motion to dismiss the Clients' bankruptcy cases, absent agreement upon a supplemental engagement letter and additional retainer agreed to by the Firm.**

4

16. As explained above, all work on this engagement letter has already been fully performed. The voluntary petitions for relief were filed on April 6, 2022, and the schedules and statements were filed on April 18, 2022.

17. Thereafter, the engagement was expanded pursuant to the April 21 Engagement Letter, which made clear that the scope of Womble's engagement was expanded only to include contesting a proposed settlement stipulation between the Trustee and YH Lex Estates LLC. In particular, the April 22 Engagement Letter states:

> This letter will confirm the terms under which Womble Bond Dickinson (US) LLP (the "Firm") has agreed to expand its engagement serving as counsel for EZL 40 Meadow Lane LLC and EAM 40 Meadow Lane LLC (collectively, the "Clients") to include contesting a proposed settlement stipulation in the United States Bankruptcy Court for the District of Delaware between the chapter 7 trustee George Miller and YH Lex Estates LLC (collectively, the "Matter"). The scope of this Firm's engagement shall be expended to serve as counsel for the Clients solely in connection with the Matter.

18. As further explained above, all work on this engagement letter also has already been fully performed. The Debtors' opposition to the Bankruptcy Rule 9019 Motion was filed on April 29, 2022, and the parties subsequently resolved the matter, and the Court entered an order upon certification of counsel on May 2, 2022 (EAM Docket No. 41; EZL Docket No. 33).

19. Therefore, Womble's work as counsel for the Debtors was limited by the Engagement Letters has been completed for nearly two years, and the Court should enter an order confirming that Womble no longer is counsel for the Debtors.

**B.  The Court Should Enter the Proposed Order Because Womble's Point of Contact with the Debtors Is Incarcerated, His Email Account Is Closed, And Womble Consequently Is Unable to Communicate With the Debtors.**

20. On April 5, 2024, the Trustee filed several complaints under chapter 5 of the Bankruptcy Code, seeking the avoidance and recovery of certain transfers allegedly made by the Debtors prior to the Petition Date.

21. In those complaints, the Trustee states that Nir Meir, who was Womble's only point of contact with the Debtors, is incarcerated. Womble has not communicated with Mr. Meir for months, and has no other points of contact with the Debtors. Moreover, on April 8, 2024, Womble attempted to deliver an electronic mail to Mr. Meir to apprise him that it intends to file a motion seeking to withdraw as counsel, and that electronic mail was returned as undeliverable.

22. With no ability to communicate with the Debtors, even if Womble were still engaged by the Debtors (which it is not), any such engagement should be permitted to end.

23. Pursuant to Local Rule 9010-2(b), an attorney's appearance may not be withdrawn except by leave of the Court, unless another attorney who is a member of the bar of the United States District Court for the District of Delaware will remain as attorney of record for the withdrawing attorney's client or the client consents and there is no controversy pending before the Court.

24. At the time of the filing of this Motion, the Debtors do not have replacement counsel. However, as noted above, Womble is unable to communicate with the Debtors because its point of contact with the Debtors is incarcerated without a known active e-mail address. Thus, Womble requires leave of Court to withdraw, to the extent that there is any ongoing engagement.

25. Sufficient cause exists for this Court to grant leave for Womble to withdraw as counsel to the Debtors. Under Rule 1.16(b) of the Delaware Lawyers' Rules of Professional Conduct, a lawyer may withdraw from representing a client if: (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (3) the client has used the lawyer's service to perpetrate a crime or fraud;

(4) a client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists. Del. Lawyers' Rules of Prof'l Conduct R. 1.16(b)(5). Moreover, Local Rule 9010-2(b) provides that an appearance may be withdrawn by order on a motion duly filed, served on each party and served on the party client by registered or certified mail addressed to the client's last known address, at least fourteen (14) days before the motion is heard by the Court. The Local Rule further provides that the filer is not required to confer other than with its party client prior to filing the motion to withdraw.

26. Here, although the bankruptcy cases remain open, there is no in-progress controversy that needs to be resolved with respect to the Debtors. Womble has not received any correspondences from its point of contact at the Debtors, Nir Meir, for a lengthy period of time. Moreover, Mr. Meir's e-mail account has been closed, and Womble understands that he currently is incarcerated. Womble attempted to warn Mr. Meir, by both e-mail and by text message, that it would be withdrawing from any outstanding representation. These facts satisfy the criteria for withdrawal as counsel under Delaware's rules of professional conduct.

27. Based upon the foregoing, the Court should grant the Motion and permit Womble to withdraw as counsel, to the extent that any engagement remains open.

**CONCLUSION**

WHEREFORE, Womble respectfully requests entry of an order, in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting Womble such further relief as the Court may deem just and proper.

Dated: April 9, 2024.
Wilmington, Delaware

*/s/ Matthew P. Ward*
Matthew P. Ward (DE Bar No. 4471)
1313 North Market Street, Suite 1200
WOMBLE BOND DICKINSON (US) LLP
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: matthew.ward@wbd-us.com