ROTTENSTREICH FARLEY BRONSTEIN
FISHER POTTER HODAS
— LLP —

PETER E. BRONSTEIN
JEFFREY D. FISHER
JONATHAN D. LUPKIN
DAN ROTTENSTREICH
ZACHARY R. POTTER
JOHN O. FARLEY
BENJAMIN T. HODAS
RICHARD I. SEGAL
MEREDITH L. STRAUSS
ERIC A. BUCKLEY

DRottenstreich@rfbllp.com

November 15, 2024

MANHATTAN
500 PARK AVENUE, 8TH FLOOR
NEW YORK, NY 10022
(212) 956-8300

PALM BEACH
515 N. FLAGLER DRIVE, SUITE 800
WEST PALM BEACH, FL 33401
(561) 832-1005

MIAMI
201 S. BISCAYNE BLVD, SUITE 840
MIAMI, FL 33131
(305) 921-1880

WWW.RFBLLP.COM

**Via CM-ECF**
Hon. Brendan Linehan Shannon
United States Bankruptcy Court
824 North Market Street, 3rd Floor Wilmington, Delaware 19801

> RE: *In re EAM 40 Meadow Lane LLC* – **Chapter 7 Case No. 22-10293-BLS**
> *In re EZL 40 Meadow Lane LLC* – **Chapter 7 Case No. 22-10294-BLS**

Dear Judge Shannon:

Our firm has been representing Ranee Bartolacci in various matters, including litigation taking place in New York Supreme Court (New York County) and in her divorce from Nir Meir in Miami-Dade County. On August 30, 2024, Ms. Bartolacci filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of Florida and has been assigned case number 24-18942-CLC. In September, as a courtesy, we provided everyone with the Suggestion of Bankruptcy of Notice of Operation of Automatic Stay, and the litigation against Ms. Bartolacci has been stayed.

The trustee in the above-captioned cases has continued to proceed with a complaint filed against Ermitage One, LLC ("Ermitage"). Ermitage is an entity that Ms. Bartolacci was nominally listed as owner that appears to no longer have assets. Ms. Bartolacci's bankruptcy counsel has provided the docket sheet and complaint filed against Ermitage to the trustee assigned to Ms. Bartolacci's Chapter 7 Petition in Florida. Although there is a lot more that can be said, we think that it is up to the trustee in Florida to determine how the complaint against Ermitage should be handled. For your reference, we attach to this letter the communication sent by Ms. Bartolacci's bankruptcy counsel to the trustee in Florida on this matter.

Respectfully submitted,

Dan Rottenstreich

enclosures
cc:   Ranee Bartolacci
      Counsel of Record via CM-ECF



 Outlook

---

**Re: Ranee A Bartolacci - Case 24-18942-CLC**

---

**From** Luis Salazar <luis@salazar.law>
**Date** Wed 10/23/2024 12:33 PM
**To** Ali-Marcelle Lee-Sin <Lee-Sin@salazar.law>; Richard Auais <richard@rabankruptcy.com>
**Cc** Trustee RA Bankruptcy <Trustee@rabankruptcy.com>; Yanay Galban <yanay@rabankruptcy.com>

📎 2 attachments (876 KB)
DOCKET-Miller v Bartolacci.pdf; Bartolacci - Del. Bankr. Adv. Pro. Compl. (4.5.24) (1).pdf;

On a different note, I am attaching here the docket and complaint against Ermitage One, LLC and Ms. Bartolacci. The is an adversary arising out of the chapter 7 bankruptcy filing of EAM 40 Meadow Lane, LLC, which I understand was the owner of the Hamptons house. Ms. Bartolacci was at least nominally listed as the owner of Ermitage, which received about $2 million in proceeds from the sale of that home. There is an upcoming deadline for Ermitage to answer the complaint. Ermitage does not appear to have assets now, other than potential avoidable transfer claims made by Ermitage to others (not Ms. Bartolacci). If you want more information on this, let me know. Thank you.



**Luis Salazar**
Partner
Salazar Law
Mold Breakers, Difference Makers.

📞 305-374-4802 | 305-776-5916
✉ Luis@Salazar.Law
🔗 www.Salazar.law

---





This correspondence and its contents are confidential and may be privileged.

**MultiDFT**

# U.S. Bankruptcy Court
## District of Delaware (Delaware)
## Adversary Proceeding #: 24-50034-BLS

*Assigned to:* Brendan Linehan Shannon                                *Date Filed:* 04/05/24
*Lead BK Case:* 22-10293
*Lead BK Title:* EAM 40 Meadow Lane LLC
*Lead BK Chapter:* 7
*Demand:* $2200000

*Nature[s] of Suit:*  13 Recovery of money/property - 548 fraudulent transfer
14 Recovery of money/property - other
02 Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)

### *Plaintiff*
-----------------------

**George L. Miller,** *in his capacity as Chapter 7 Trustee for*           represented by **John T. Carroll, III**
*the bankruptcy estate of EAM 40 Meadow Lane LLC*                            Cozen O'Connor
1628 John F. Kennedy Boulevard                                               1201 North Market Street, Suite 1001
Suite 950                                                                    Wilmington, DE 19801
Philadelphia, PA 19103                                                       (302) 295-2028
                                                                             Fax : (302) 295-2013
                                                                             Email: jcarroll@cozen.com


V.

### *Defendant*
-----------------------

**Ermitage One LLC**                                              represented by **Ermitage One LLC**
                                                                                 PRO SE



### *Defendant*
-----------------------

**Ranee A. Bartolacci**                                           represented by **Ranee A. Bartolacci**
                                                                                 PRO SE


| Filing Date | # | clear | Docket Text |
|---|---|---|---|
| 04/05/2024 | 1 (26 pgs; 4 docs) | ☐ | Adversary case 24-50034. Complaint by George L. Miller against Ermitage One LLC, Ranee A. Bartolacci. Fee Amount $350 (13 (Recovery of money/property - 548 fraudulent transfer)),(14 (Recovery of money/property - other)),(02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))). AP Summons Served due date: 4/5/2024. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Carroll, John) (Entered: 04/05/2024) |
| 04/05/2024 | 2 (3 pgs; 2 docs) | ☐ | Summons and Notice of Pretrial Conference Served on Defendants Ranee A. Bartolacci, Ermitage One LLC. (related document1) Pretrial Conference set for 6/12/2024 at 09:00 AM at US Bankruptcy Court, 824 Market St., 6th Fl., |

| | | |
|---|---|---|
| | | Courtroom #1, Wilmington, Delaware. (Attachments: # 1 Notice of Dispute Resolution Alternatives) (Carroll, John) (Entered: 04/05/2024) |
| 04/08/2024 | 3 | Receipt of filing fee for Complaint( 24-50034-BLS) [cmp,cmp] ( 350.00). Receipt Number Deferred, amount $ 350.00. (COH) (Entered: 04/08/2024) |
| 06/10/2024 | 4<br>(7 pgs; 2 docs) | HEARING CANCELLED. Notice of Agenda of Matters not going forward. The following hearing has been cancelled. Filed by George L. Miller. Hearing scheduled for 6/12/2024 at 09:00 AM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #1, Wilmington, Delaware. (Carroll, John) (Entered: 06/10/2024) |
| 06/11/2024 | 5<br>(6 pgs) | Certificate of Service *Regarding (1) Complaint, (2) Summons and Notice of Pretrial Conference and (3) Notice of Dispute Resolution Alternatives* Filed by George L. Miller. (Carroll, John) (Entered: 06/11/2024) |
| 07/15/2024 | 6<br>(7 pgs; 2 docs) | HEARING CANCELLED. Notice of Agenda of Matters not going forward. The following hearing has been cancelled. Filed by George L. Miller. Hearing scheduled for 7/17/2024 at 09:15 AM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #1, Wilmington, Delaware. (Carroll, John) (Entered: 07/15/2024) |
| 08/20/2024 | 7<br>(3 pgs; 2 docs) | Stipulation *for an Extension of Time for Defendants to Respond to Complaint* Between George L. Miller and Ermitage One LLC and Ranee A. Bartolacci . Filed by George L. Miller. (Attachments: # 1 Proposed Form of Order) (Carroll, John) (Entered: 08/20/2024) |
| 08/21/2024 | 8<br>(1 pg) | Order Approving Stipulation for an Extension of Time for Defendants to Respond to Complaint. Order Signed on 8/21/2024. (JMW) (Entered: 08/21/2024) |
| 08/26/2024 | 9<br>(7 pgs; 2 docs) | Notice of Agenda of Matters Scheduled for Hearing Filed by George L. Miller. Hearing scheduled 8/28/2024 at 09:30 AM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #1, Wilmington, Delaware. (Carroll, John) (Entered: 08/26/2024) |
| 08/26/2024 | 10<br>(7 pgs; 2 docs) | Amended HEARING CANCELLED. Notice of Agenda of Matters not going forward. The following hearing has been cancelled. Filed by George L. Miller. Hearing scheduled for 8/28/2024 at 09:30 AM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #1, Wilmington, Delaware. (related document(s)7, 90 , 9, 12 , 14 , 7, 7, 7, 10, 10, 6, 60 , 9, 9, 20 ) (Carroll, John) (Entered: 08/26/2024) |
| 09/20/2024 | 11<br>(3 pgs; 2 docs) | Stipulation *Second Stipulation for an Extension of Time for Defendants to Respond to Complaint* Between George L. Miller and Ermitage One LLC and Ranee A. Bartolacci . Filed by George L. Miller. (Attachments: # 1 Proposed Form of Order) (Carroll, John) (Entered: 09/20/2024) |
| 09/20/2024 | 12<br>(1 pg) | Order Approving Second Stipulation for an Extension of Time for Defendants to Respond to Complaint Between George L. Miller and Ermitage One LLC and Ranee A. Bartolacci. (Related Doc # 11) Order Signed on 9/20/2024. (JMW) (Entered: 09/20/2024) |
| 09/23/2024 | 13<br>(7 pgs; 2 docs) | HEARING CANCELLED. Notice of Agenda of Matters not going forward. The following hearing has been cancelled. Filed by George L. Miller. Hearing scheduled for 9/25/2024 at 09:15 AM at US Bankruptcy Court, 824 Market St., 6th Fl., Courtroom #1, Wilmington, Delaware. (Carroll, John) (Entered: 09/23/2024) |

View Selected

or

Download Selected

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/22/2024 13:14:10 | | | |
| **PACER Login:** | salazarlaw | **Client Code:** | mahecha |
| **Description:** | Docket Report | **Search Criteria:** | 24-50034-BLS Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Multiple Docs: on Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 22-10293 (BLS) |
| EAM 40 MEADOW LANE LLC, | Chapter 7 |
| Debtor. | |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the bankruptcy estate of EAM 40 Meadow Lane LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No. _____ |
| ERMITAGE ONE LLC and RANEE A. BARTOLACCI, | |
| Defendants. | |

## COMPLAINT

George L. Miller, the Chapter 7 Trustee (the "Trustee") for the Chapter 7 bankruptcy estate of EAM 40 Meadow Lane LLC (the "Debtor"), by and through his undersigned counsel, respectfully states as follows for his Complaint against Ermitage One LLC ("Ermitage") and Ranee A. Bartolacci ("Bartolacci") (collectively, the "Defendants") to avoid and recover fraudulent transfers, and for other relief as requested herein:

## INTRODUCTION[1]

1.      This adversary proceeding is brought in connection with the Trustee's efforts to recover proceeds from the sale of 40 Meadow Lane, which were siphoned off from the Debtor at the direction of Nir Meir, the manager of the Debtor's managing member.  The Trustee seeks to

---

[1] Any capitalized terms not defined in this section shall have the meanings ascribed to them below.

avoid and recover all transfers of the Sale Proceeds made to or for the benefit of the Defendants by the Debtor.

2.      In addition, the Trustee seeks to disallow, pursuant to 11 U.S.C. §§ 502(d) and/or (j), any and all claims that the Defendants have filed or asserted against the Debtor's estate.  The Trustee hereby reserves all of his rights to object to any such claim for any reason.

3.      Finally, the Trustee seeks to pierce the corporate veil of Ermitage to hold Bartolacci accountable for the liabilities of Ermitage, including for the recovery of Sale Proceeds transferred to Ermitage.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157 and 1334(b) because this adversary proceeding arises under and in, and is related to, the above-captioned case under title 11 of the United States Code (the "Bankruptcy Code").

5.      This matter is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2).

6.      Venue is appropriate in this District pursuant to 28 U.S.C. § 1409(a).

## PARTIES

7.      Plaintiff George L. Miller is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").  The Trustee maintains an office at 8 Penn Center, Suite 950, 1628 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103.

8.      On April 6, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. Also on April 6, 2022, the Trustee was appointed to serve as the Chapter 7 Trustee of the Debtor's Estate.

2

9.      Defendant Bartolacci is an individual residing in the State of Florida.  At all relevant times, Bartolacci was married to Nir Meir.

10.     Defendant Ermitage is a Florida limited liability company with an address of c/o Davidoff Hutcher & Citron LLP, 605 Third Avenue, New York, New York 10158.

## FACTUAL BACKGROUND

### A.      The Formation and Ownership of the Debtor

11.     The Debtor was organized in June 2013 as a limited liability company in the state of Delaware.  Initially, 100% of the ownership interests in the Debtor were held by HFZ Capital Group LLC ("HFZ Capital"). Nir Meir was employed as the managing director of HFZ Capital and managed the firm's day-to-day operations.

12.     The Debtor's Corporate Ownership Statement, however, reflects that as of the Petition Date, 95% of the ownership interests of the Debtor were held by EZL 40 Meadow Lane LLC ("EZL").[2]  Upon information and belief, the remaining 5% of the ownership interests of the Debtor were held by HFZ Capital.  The managing member of the Debtor is EZL, and the manager of EZL is Nir Meir.

13.     Upon information and belief, the Debtor was organized for the sole purpose of purchasing the real property located at 40 Meadow Lane, Southampton, New York ("40 Meadow Lane").

### B.      The Acquisition and Construction of 40 Meadow Lane

14.     In or around December 2013, the Debtor acquired 40 Meadow Lane for a purchase price of $10.5 million.

---

[2] EZL is also a debtor in a chapter 7 bankruptcy case pending before this Court, styled *In re EZL 40 Meadow Lane LLC*, Case No. 22-10294 (BLS).

15.     The Debtor acquired the property with the purpose of tearing down the existing home and building a new luxury home.  Construction took approximately four years to be completed.  Redevelopment of the property was initially delayed due to litigation over the proposed modern design of the new home, which would sit within the Village of Southampton's historical district.

16.     In connection with the construction of the new luxury home, Nir Meir caused the Debtor to incur significant debts.  Between 2015 and 2019,  the Debtor borrowed more than $18.35 million from MCAM 40ML Lender LLC, as successor-by-assignment to ConnectOne Bank ("MCAM"), for construction costs.

17.     Upon completion of the construction, Nir Meir, Bartolacci and their family moved into the luxury home and resided there until approximately April 2021. The Debtor did not receive any consideration from Nir Meir, Bartolacci or their family for their use of 40 Meadow Lane.

**C.     Nir Meir's Fraudulent Schemes with Respect to HFZ Capital and His Use of the Debtor to Secure Personal Obligations**

18.     On February 7, 2024, Manhattan District Attorney Alvin L. Bragg, Jr. announced the indictment of HFZ Capital, Nir Meir and others, for allegedly stealing more than $86 million from investors, subcontractors, and New York City through a series of frauds and schemes that began in 2015. The indictments contain allegations of widespread fraud primarily spearheaded by Nir Meir, as well as allegations that Nir Meir misappropriated investor and lender proceeds to fund his lavish lifestyle.

19.     Upon information and belief, Nir Meir's fraudulent schemes started to unravel in or around 2020 when HFZ Capital defaulted on certain loan obligations in connection with various construction projects.  Certain lenders and investors of HFZ Capital commenced actions to collect

on the debts. Because Nir Meir had personally guaranteed some of HFZ Capital's debt obligations, he was named as a defendant in certain actions.

20.     By way of example, on November 3, 2020, creditor YH Lex Estates LLC ("YH Lex") commenced an action, styled *YH Lex Estates LLC v. HFZ Capital Group LLC, Ziel Feldman and Nir Meir*, Index No. 655980/2020, to compel payment of a debt owed to YH Lex (the "YH Lex Action").

21.     Also around the same time, HFZ Capital's founding principal, Ziel Feldman, purportedly discovered that Nir Meir had been misappropriating HFZ Capital's funds for his own benefit and forging certain business records. Ziel Feldman then fired Nir Meir from HFZ Capital.

22.     Nir Meir's removal from HFZ Capital triggered a dispute over ownership of the Debtor and 40 Meadow Lane, with HFZ Capital asserting that it possessed an indirect ownership interest in the property by virtue of its minority ownership interest in the Debtor. Upon information and belief, on December 29, 2020, HFZ Capital caused the Debtor to commence an action, styled *EAM 40 Meadow Lane, LLC v. Nir Meir*, Index No. 620169/2020, in the Supreme Court of the State of New York, County of Suffolk, to evict Nir Meir and his family from 40 Meadow Lane.

23.     No longer having access to HFZ Capital's funds, Nir Meir began using the Debtor's assets as collateral for personal loans. For example, on or around February 5, 2021, Nir Meir caused the Debtor to grant to his business associate, Harsh Padia, a mortgage on 40 Meadow Lane to secure a debt of approximately $8,000,000 that Nir Meir himself – and not the Debtor – owed to Harsh Padia.

24.     The Debtor did not receive any consideration in exchange for the mortgage.

5

D.    **The Sale of 40 Meadow Lane and Initial Fraudulent Transfers of the Sale Proceeds**

25.    By early 2021, creditors were closing in on Nir Meir.  In order to evade his creditors, Nir Meir, with the help of others including Bartolacci, concocted a scheme to sell 40 Meadow Lane, thereby stripping the Debtor of its principal asset, and hide the sale proceeds from creditors.

26.    On April 5, 2021, Nir Meir caused the Debtor to sell 40 Meadow Lane together with certain furnishings to a third-party for a total of $44,908,656 (the "Sale Proceeds").  Despite the Debtor holding title in fee simple to 40 Meadow Lane, the Debtor received none of the consideration for the sale of the property.

27.    Advantage Title Agency, Inc. (the "Title Company"), at Nir Meir's direction, served as disbursing agent of the Sale Proceeds.  Upon the close of the sale, the Title Company first disbursed a total of $28,836,869.28 to satisfy the outstanding mortgage lien held by MCAM and the alleged mortgage lien of Harsh Padia.

28.    Nir Meir then directed the Title Company to disburse the Sale Proceeds as follows: (i) $500,000.00 to Davidoff Hutcher & Citron LLP ("Davidoff Hutcher"); (ii) $2,000,000 to a JPMorgan Chase Bank, N.A. ("Chase Bank") account ending in -0193 in the name of Ermitage (the "Closing Transfer"); (iii) $10,587,387.52 to a Chase Bank account ending in -5760 in the name of Bartolacci (the "Bartolacci Transfer"); and (iii) $1,628,158.58 to Nir Meir's Chase Bank account ending in -2895.

29.     In sum, the Title Company distributed the proceeds from the sale of 40 Meadow Lane as follows:

**Title Agent Disbursements:**

| | | |
|---|---|---|
| Advantage Title Agency, Inc. | $ | 1,356,240.62 |
| MCAM 40ML Lender, LLC | $ | 22,796,869.28 |
| Rosen Law LLC for the benefit of Harsh Padia | $ | 6,040,000.00 |
| Davidoff Hutcher & Citron LLC | $ | 500,000.00 |
| Ermitage One LLC | $ | 2,000,000.00 |
| Ranee E. Bartolacci | $ | 10,587,387.52 |
| Nir Meir | $ | 1,628,158.58 |
| | **$** | **44,908,656.00** |

30.     The Title Company also held the sum of $200,000 in escrow (the "Holdover Escrow") to secure the Debtor's post-closing obligation to surrender the property to the third-party purchaser.  On June 1, 2021, Nir Meir directed the Title Company to disburse the amount of the Holdover Escrow to Ermitage's Chase Bank account ending in -0193 (the "Holdover Escrow Transfer" and together with the Closing Transfer, the "Ermitage Transfers").  Charts reflecting respectfully the Ermitage Transfers and the Bartolacci Transfer are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

E.     **The Formation of Ermitage**

31.     Upon information and belief, Ermitage was formed for the purpose of concealing and removing the Debtor's assets from the reach of Nir Meir's creditors.  Bartolacci is the sole member of Ermitage.

32.     Ermitage had been organized by Davidoff Hutcher as a New York limited liability company on March 26, 2021—just 10 days prior to the sale.  Upon information and belief, Davidoff Hutcher has served as personal legal counsel to Nir Meir and his family for a number of years.

33.     On July 8, 2021, Davidoff Hutcher organized a second limited liability company by the name Ermitage One LLC in the state of Florida, with a principal address at Davidoff Hutcher's offices at 605 Third Avenue, New York, NY 10158.  The Florida limited liability company was organized just 3 weeks after Nir Meir's creditor, YH, succeeded in obtaining a judgment against him for $19,742,959.81 in the YH Action.

34.     On July 29, 2021, Bartolacci executed those certain Articles of Merger for Florida Limited Liability Company, thereby merging the New York limited liability company of Ermitage with the Florida limited liability company.  A true and correct copy of the Articles of Merger for Florida Limited Liability Company are attached hereto as **Exhibit C**.

35.     The effect of Bartolacci's actions was to remove Ermitage's assets, including the Ermitage Transfers, outside the jurisdiction of the court presiding over the YH Action.

## F.     Insider Transfers

36.     The Title Company transferred a total of $14,415,546.10 as outlined above (the "Insider Transfers") from the Sale Proceeds to Nir Meir, Bartolacci and Ermitage (the "Insiders").

37.     Nir Meir authorized and facilitated the aforementioned disbursements in his capacity as the manager of EZL, the managing member of the Debtor, with the actual intent to hinder, delay, or defraud one or more entities to which the Debtor was or became indebted on or after the date the disbursements were made.

38.     The Insider Transfers to the Insiders were made in exchange for less than reasonably equivalent value at a time when the Debtor was insolvent or became insolvent as a result of the disbursements.

## G.     Financial Condition of the Debtor

39.     As a result of the sale of 40 Meadow Lane and the aforesaid disbursements of all the Sale Proceeds, the Debtor was left as an empty shell.

40.     Nir Meir knew or should have known that selling 40 Meadow Lane and transferring the Sale Proceeds away from the Debtor, including to the Insiders, would leave the Debtor with unreasonably small capital to pay its debts as they came due.

## <u>COUNT I - ERMITAGE</u>
### Avoidance of the Ermitage Transfers – Actual Fraud
### (11 U.S.C. § 548(a)(1)(A))

41.     The Trustee hereby re-alleges and incorporates the allegations set forth in paragraphs 1 through 40 above as if fully set forth herein.

42.     The Sale Proceeds were property of the Debtor.

43.     The Ermitage Transfers occurred within two (2) years of the Petition Date.

44.     Nir Meir caused the Debtor to make the Ermitage Transfers with the actual intent to hinder, delay, or defraud one or more entities to which the Debtor was or became indebted on or after the dates the Ermitage Transfers were made because, among other things:

(a)     The Ermitage Transfers were for the benefit of Nir Meir, who was an insider of the Debtor at the time of the Ermitage Transfers;

(b)     Before the Ermitage Transfers were made, both Nir Meir and the Debtor had been sued, and threatened with suit;

(c)     Nir Meir caused the Ermitage Transfers and the other Insider Transfers to occur at approximately the same time and those transfers collectively constituted a transfer of substantially all the Debtor's assets;

(d)     The Debtor received less than reasonably equivalent value in exchange for the Ermitage Transfers; and

(e)     The Debtor was insolvent or became insolvent shortly after the Ermitage Transfers were made.

45.     By reason of the foregoing, the Ermitage Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(A).

## COUNT II - ERMITAGE
### Avoidance of the Ermitage Transfers – Constructive Fraud
### (11 U.S.C. § 548(a)(1)(B))

46.    The Trustee hereby re-alleges and incorporates the allegations set forth in paragraphs 1 through 45 above as if fully set forth herein.

47.    The Sale Proceeds were property of the Debtor.

48.    The Ermitage Transfers occurred within two (2) years of the Petition Date.

49.    The Debtor received less than reasonably equivalent value in exchange for the Ermitage Transfers.

50.    As more particularly set forth above, the Ermitage Transfers were made at a time when: (i) the Debtor was insolvent or rendered insolvent as a result of such transfers, (ii) the Debtor had unreasonably small capital, and/or (iii) the Debtor had incurred or intended to incur debts that it would not be able to pay as they became due.

51.    By reason of the foregoing, the Ermitage Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III - ERMITAGE
### Recovery of the Ermitage Transfers
### (11 U.S.C. § 550(a)(1))

52.    The Trustee hereby re-alleges and incorporates the allegations set forth in paragraphs 1 through 51 above as if fully set forth herein.

53.    Ermitage is either (a) the initial transferee of the Ermitage Transfers, or (b) the entity for whose benefit the Ermitage Transfers were made.

54.    As more particularly set forth above, the Ermitage Transfers are avoidable pursuant to 11 U.S.C. §§ 548(a)(1)(A) and/or 548(a)(1)(B).

55.     Accordingly, pursuant to 11 U.S.C. § 550(a)(1), the Trustee is entitled to recover from Ermitage the avoided Ermitage Transfers or the value thereof, for the benefit of the Debtor's Estate.

## COUNT IV - BARTOLACCI
### Avoidance of the Bartolacci Transfer – Actual Fraud
### (11 U.S.C. § 548(a)(1)(A))

56.     The Trustee hereby re-alleges and incorporates the allegations set forth in paragraphs 1 through 55 above as if fully set forth herein.

57.     The Sale Proceeds were property of the Debtor.

58.     The Bartolacci Transfer occurred within two (2) years of the Petition Date.

59.     Nir Meir caused the Debtor to make the Bartolacci Transfer with the actual intent to hinder, delay, or defraud one or more entities to which the Debtor was or became indebted on or after the date the Bartolacci Transfer was made because, among other things:

    (f)    The Bartolacci Transfer was for the benefit of Nir Meir, who was an insider of the Debtor at the time of the Bartolacci Transfer;

    (g)    Before the Bartolacci Transfer was made, both Nir Meir and the Debtor had been sued, and threatened with suit;

    (h)    Nir Meir caused the Bartolacci Transfer and the other Insider Transfers to occur at the same time and those transfers collectively constituted a transfer of substantially all the Debtor's assets;

    (i)    The Debtor received less than reasonably equivalent value in exchange for the Bartolacci Transfer; and

    (j)    The Debtor was insolvent or became insolvent shortly after the Bartolacci Transfer was made.

60.     By reason of the foregoing, the Bartolacci Transfer is avoidable pursuant to 11 U.S.C. § 548(a)(1)(A).

11

## COUNT V - BARTOLACCI
### Avoidance of the Bartolacci Transfer – Constructive Fraud
### (11 U.S.C. § 548(a)(1)(B))

61.     The Trustee hereby re-alleges and incorporates the allegations set forth in paragraphs 1 through 60 above as if fully set forth herein.

62.     The Sale Proceeds were property of the Debtor.

63.     The Bartolacci Transfer occurred within two (2) years of the Petition Date.

64.     The Debtor received less than reasonably equivalent value in exchange for the Bartolacci Transfer.

65.     As more particularly set forth above, the Bartolacci Transfer was made at a time when: (i) the Debtor was insolvent or rendered insolvent as a result of such transfer, (ii) the Debtor had unreasonably small capital, and/or (iii) the Debtor had incurred or intended to incur debts that it would not be able to pay as they became due.

66.     By reason of the foregoing, the Bartolacci Transfer is avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT VI - BARTOLACCI
### Recovery of the Bartolacci Transfer
### (11 U.S.C. § 550(a)(1))

67.     The Trustee hereby re-alleges and incorporates the allegations set forth in paragraphs 1 through 66 above as if fully set forth herein.

68.     Bartolacci is either (a) the initial transferee of the Bartolacci Transfer, or (b) the entity for whose benefit the Bartolacci Transfer was made.

69.     As more particularly set forth above, the Bartolacci Transfer is avoidable pursuant to 11 U.S.C. §§ 548(a)(1)(A) and/or 548(a)(1)(B).

LEGAL\69766150\1

70.     Accordingly, pursuant to 11 U.S.C. § 550(a)(1), the Trustee is entitled to recover from Bartolacci the avoided Bartolacci Transfer or the value thereof, for the benefit of the Debtor's Estate.

**COUNT VII – ALL DEFENDANTS**
**Disallowance of Claims**
**(11 U.S.C. § 502)**

71.     The Trustee hereby re-alleges and incorporates the allegations set forth in paragraphs 1 through 70 above as if fully set forth herein.

72.     The Defendants are transferees of transfers that are avoidable pursuant to 11 U.S.C. § 548, which property is recoverable pursuant to 11 U.S.C. § 550.

73.     The Defendants have not paid the amount of the avoidable transfers to the Estate, or turned over such property to the Estate, for which the Defendants are liable under 11 U.S.C. § 550.

74.     Pursuant to 11 U.S.C. § 502(d), any and all claims of the Defendants and/or their assignees against the Debtor's Estate must be disallowed until such time as the Defendants pay to the Trustee an amount equal to the aggregate amount of the transfers, plus interest thereon and costs.

75.     Pursuant to 11 U.S.C. § 502(j), any and all claims of the Defendants, and/or their assignees, against the Debtor's Estate that the Trustee previously allowed must be reconsidered and disallowed until such time as the Defendants pay to the Trustee an amount equal to the aggregate amount of the transfers, plus interest thereon and costs.

**COUNT VIII – ALL DEFENDANTS**
**Claim to Pierce the Corporate Veil**

76.     The Trustee hereby re-alleges and incorporates the allegations set forth in paragraphs 1 through 75 above as if fully set forth herein.

13

77.     Bartolacci exercised complete domination and control over Ermitage with respect to the Insider Transfers and subsequent transfers made by Ermitage.

78.     Bartolacci is the sole member of Ermitage.

79.     Upon information and belief, Ermitage does not observe corporate formalities such as maintaining corporate records and filing annual reports with the State of Florida.

80.     Upon information and belief, at the time of the Insider Transfers, Ermitage had unreasonably small capital to pay its debts, if any, as they came due.

81.     Ermitage has no business operations of its own, and Bartolacci transfers funds in and out of Ermitage for personal purposes rather than corporate purposes.  Bartolacci also directs Ermitage to pay her personal debts, such as school tuition for her children and for her use of private jet services.

82.     Upon information and belief, Ermitage was formed for the purpose of concealing and removing the Debtor's assets from the reach of Nir Meir's creditors.

83.     Bartolacci used her domination and control over Ermitage to assist Nir Meir in his scheme to defraud creditors by stripping the Debtor of its principal asset, and hiding the sale proceeds from creditors.

84.     Accordingly, Bartolacci is accountable for the liabilities of Ermitage, and the Trustee is entitled to recover from Bartolacci the avoided Ermitage Transfers or the value thereof, for the benefit of the Debtor's Estate.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendants granting the following relief:

LEGAL\69766150\1

A.      On Count I of the Complaint, judgment in favor of the Trustee and against Defendant Ermitage, avoiding the Ermitage Transfers pursuant to 11 U.S.C. § 548(a)(1)(A);

B.      On Count II of the Complaint, judgment in favor of the Trustee and against Defendant Ermitage, avoiding the Ermitage Transfers pursuant to 11 U.S.C. § 548(a)(1)(B);

C.      On Count III of the Complaint, judgment in favor of the Trustee and against Defendant Ermitage, (i) finding that the Trustee may recover the amount of the Ermitage Transfers from Ermitage pursuant to 11 U.S.C. § 550(a)(1) and (ii) ordering Ermitage to pay to the bankruptcy Estate the aggregate value of the Ermitage Transfers in an amount not less than the amount of the Ermitage Transfers, plus interest from the dates of the Ermitage Transfers.

D.      On Count IV of the Complaint, judgment in favor of the Trustee and against Defendant Bartolacci, avoiding the Bartolacci Transfer pursuant to 11 U.S.C. § 548(a)(1)(A);

E.      On Count V of the Complaint, judgment in favor of the Trustee and against Defendant Bartolacci, avoiding the Bartolacci Transfer pursuant to 11 U.S.C. § 548(a)(1)(B);

F.      On Count VI of the Complaint, judgment in favor of the Trustee and against Defendant Bartolacci, (i) finding that the Trustee may recover the amount of the Bartolacci Transfer from Defendant Bartolacci pursuant to 11 U.S.C. § 550(a)(1) and (ii) ordering Defendant Bartolacci to pay to the bankruptcy Estate the aggregate value of the Bartolacci Transfer in an amount not less than the amount of the Bartolacci Transfer, plus interest from the date of the Bartolacci Transfer.

G.      On Count VII of the Complaint, judgment pursuant to 11 U.S.C. §§ 502(d) and (j) disallowing any and all claims held or filed by the Defendants against the Debtor's Estate until the Defendants have returned the amount of the transfers to the Trustee;

15

H.    On Count VIII of the Complaint, judgment in favor of the Trustee and against the Defendants, declaring that the corporate veil of Defendant Ermitage shall be pierced so as to hold Defendant Bartolacci personally liable for all debts and obligations of Defendant Ermitage, including without limitation any and all debts and obligations that this Court may award in favor of the Trustee in the adversary proceeding commenced by this Complaint.

I.    On all Counts of the Complaint, ordering the Defendants to pay to the Estate the costs and expenses of this suit to the extent permitted by applicable law; and

J.    Granting the Trustee such other and further relief as this Court may deem just and proper.

Date:   April 5, 2024                                      COZEN O'CONNOR
Wilmington, DE


By:      /s/ *John T. Carroll, III*
          John T. Carroll, III (DE No. 4060)
          Simon E. Fraser (DE No. 5335)
          1201 North Market Street
          Suite 1001
          Wilmington, DE  19801
          (302) 295-2000 Telephone
          (302) 295-2013 Fax No.
          jcarroll@cozen.com
          sfraser@cozen.com

          and

          Christina M. Sanfelippo
          (*Pro Hac Vice forthcoming*)
          123 North Wacker Drive
          Suite 1800
          Chicago, IL 60606
          (312) 382-3100 Telephone
          csanfelippo@cozen.com

          *Counsel for George L. Miller,*
          *Chapter 7 Trustee*

# EXHIBIT "A"

**EAM 40 Meadow Lane LLC**
**Transfers to Ermitage One LLC**
**Exhibit A**

| Transfer Date | Transfer Method | Transfer Amount | Transferee | Tranferee Account | Description |
|---|---|---|---|---|---|
| 4/5/2021 | Wire | $ 2,000,000.00 | Ermitage One LLC | JPMorgan Chase Bank, N.A. Account #0193 | Transfer from Advantage Title Agency, Inc. sourced from EAM Sale Proceeds of 40 Meadow Lane property |
| 6/1/2021 | Wire | $ 200,000.00 | Ermitage One LLC | JPMorgan Chase Bank, N.A. Account #0193 | Transfer from Advantage Title Agency, Inc. sourced from EAM Sale Proceeds of 40 Meadow Lane property |
| **Total Transfers** | | **$ 2,200,000.00** | | | |

# EXHIBIT "B"

**EAM 40 Meadow Lane LLC**
**Transfers to Ranee A. Bartolacci**
**Exhibit B**

| Transfer Date | Transfer Method | Transfer Amount | Transferee | Tranferee Account | Description |
|---|---|---|---|---|---|
| 4/5/2021 | Wire | $ 10,587,387.52 | Ranee A. Bartolacci | JPMorgan Chase Bank, N.A. Account #5760 | Transfer from Advantage Title Agency, Inc. sourced from EAM Sale Proceeds of 40 Meadow Lane property |

# EXHIBIT "C"

# L21000315329

(Requestor's Name)

(Address)

(Address)

(City/State/Zip/Phone #)

☐ PICK-UP    ☐ WAIT    ☐ MAIL

(Business Entity Name)

(Document Number)

Certified Copies _____    Certificates of Status _____

Special Instructions to Filing Officer:

Office Use Only



000369899600



FILED
2021 JUL 29 AM 8: 50
SECRETARY OF STATE
TALLAHASSEE, FL

RECEIVED
2021 JUL 29 PM 3: 52
TALLAHASSEE, FLORIDA

CORPORATION SERVICE COMPANY
1201 Hays Street
Tallhassee, FL 32301
Phone: 850-558-1500

                    ACCOUNT NO.  :  I20000000195

                       REFERENCE  :  934743      4321898

                   AUTHORIZATION  :

                      COST LIMIT  :  $ 50.00
-----------------------------------------------------------------

ORDER DATE :  July 29, 2021

ORDER TIME :  12:50 PM

ORDER NO.  :  934743-005

CUSTOMER NO:   4321898

-----------------------------------------------------------------

                    <u>ARTICLES OF MERGER</u>


                    ERMITAGE ONE LLC


                          INTO

                    ERMITAGE ONE LLC



PLEASE RETURN THE FOLLOWING AS PROOF OF FILING:

_____  CERTIFIED COPY
<u>XX    </u>  PLAIN STAMPED COPY


CONTACT PERSON:  Alexxis Weiland

                    EXAMINER'S INITIALS:  _____

# COVER LETTER

**TO:**   Amendment Section
         Division of Corporations

**SUBJECT:** Ermitage One LLC
_____
                      Name of Surviving Party

The enclosed Certificate of Merger and fee(s) are submitted for filing.

Please return all correspondence concerning this matter to:

Lucille Iovino
_____
                    Contact Person

Davidoff, Hutcher & Citron LLP
_____
                    Firm/Company

605 Third Avenue
_____
                      Address

New York, New York  10158
_____
              City, State and Zip Code

li@dhclegal.com
_____
     E-mail address: (to be used for future annual report notification)

For further information concerning this matter, please call:

Howard Presant                                     646        428-3282
_____ at (_____)_____
      Name of Contact Person          Area Code   Daytime Telephone Number

☐     Certified copy (optional) $30.00

**STREET ADDRESS:**                **MAILING ADDRESS:**
Amendment Section                  Amendment Section
Division of Corporations           Division of Corporations
Clifton Building                   P. O. Box 6327
2661 Executive Center Circle       Tallahassee, FL  32314
Tallahassee, FL  32301

CR2E080 (2/20)

**Articles of Merger**
**For**
**Florida Limited Liability Company**

The following Articles of Merger is submitted to merge the following Florida Limited Liability Company(ies) in accordance with s. 605.1025, Florida Statutes.

**FIRST:** The exact name, form/entity type, and jurisdiction for each **merging** party are as follows:

| Name | Jurisdiction | Form/Entity Type |
|------|--------------|------------------|
| Ermitage One LLC | NY | LLC |
| | | |
| | | |
| | | |

**SECOND:** The exact name, form/entity type, and jurisdiction of the **surviving** party are as follows:

| Name | Jurisdiction | Form/Entity Type |
|------|--------------|------------------|
| Ermitage One LLC | FL | LLC |

**THIRD:** The merger was approved by each domestic merging entity that is a limited liability company in accordance with ss.605.1021-605.1026; by each other merging entity in accordance with the laws of its jurisdiction; and by each member of such limited liability company who as a result of the merger will have interest holder liability under s.605.1023(1)(b).

FILED
2021 JUL 29 AM 8: 50
SECRETARY OF STATE
TALLAHASSEE, FL

**FOURTH:**  Please check one of the boxes that apply to surviving entity: (if applicable)

☑  This entity exists before the merger and is a domestic filing entity, the amendment, if any to its public organic record are attached.

☐  This entity is created by the merger and is a domestic filing entity, the public organic record is attached.

☐  This entity is created by the merger and is a domestic limited liability limited partnership or a domestic limited liability partnership, its statement of qualification is attached.

☐  This entity is a foreign entity that does not have a certificate of authority to transact business in this state. The mailing address to which the department may send any process served pursuant to s. 605.0117 and Chapter 48, Florida Statutes is:

_____

_____

_____

**FIFTH:** This entity agrees to pay any members with appraisal rights the amount, to which members are entitled under ss.605.1006 and 605.1061-605.1072, F.S.

**SIXTH:**  If other than the date of filing, the delayed effective date of the merger, which cannot be prior to nor more than 90 days after the date this document is filed by the Florida Department of State:

_____

**Note:**  If the date inserted in this block does not meet the applicable statutory filing requirements, this date will not be listed as the document's effective date on the Department of State's records.

**SEVENTH:**  Signature(s) for Each Party:

| Name of Entity/Organization: | Signature(s): | Typed or Printed Name of Individual: |
|---|---|---|
| Ermitage Once LLC | | Ranee Bartolacci ( NY) |
| Ermitage One LLC | | Ranee Bartolacci (FL) |

| | |
|---|---|
| Corporations: | Chairman, Vice Chairman, President or Officer |
| | *(If no directors selected, signature of incorporator.)* |
| General partnerships: | Signature of a general partner or authorized person |
| Florida Limited Partnerships: | Signatures of all general partners |
| Non-Florida Limited Partnerships: | Signature of a general partner |
| Limited Liability Companies: | Signature of an authorized person |

| **Fees:** | For each Limited Liability Company: | $25.00 | For each Corporation: | $35.00 |
|---|---|---|---|---|
| | For each Limited Partnership: | $52.50 | For each General Partnership: | $25.00 |
| | For each Other Business Entity: | $25.00 | **Certified Copy (optional):** | $30.00 |